JOHN N. LEVINE, JR. *vs.* TOWN OF WEST HAVEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 14th—decided June 27th, 1935.

*Curtiss K. Thompson,* with whom, on the brief, was *Herbert S. MacDonald,* for the appellant (defendant).

*Irving Sweedler,* with whom, on the brief, was *Samuel E. Hoyt,* for the appellee (plaintiff).

BANKS, J.   The plaintiff, while walking on Nashawena Avenue in West Haven, struck his foot against a water gate which protruded above the surface of the ground, and received the injuries for which this action was brought.   This appeal is from the denial of the defendant's motion to set aside the verdict of the jury in favor of the plaintiff.   The sole question presented is whether upon the evidence the jury could reasonably have found that Nashawena Avenue at the point where the plaintiff was injured is a public highway.   It was the contention of the plaintiff that Nashawena Avenue had been established as a public highway by dedication and acceptance by use by the public at large.   There was evidence in support of this contention, and indeed the defendant apparently does not question that the jury might reasonably have so found. Its contention is that only a portion of the width of the road was used by the public, that the water gate was beyond the limits of the portion of the road so used, and that consequently the jury could not reasonably have found that the place where the plaintiff received his injuries had been accepted as a public highway.

There was little substantial dispute as to the relevant facts. Nashawena Avenue is fifty feet wide between the street lines of the abutting property owners as shown upon a map on file in the office of the town clerk of West Haven, dated April, 1902. It has been used by the public for at least twenty-seven or twenty-eight years. It is a short dead-end street in an outlying section of the town, and runs in a general northerly and southerly direction from Ocean Avenue on the south to a trolley track on the north. There is a sign with the name of the street upon it at its intersection with Ocean Avenue, and there are street lights and hydrants in the street. There are nine or ten houses upon the street which are occupied only during the summer months. The traveled portion of the highway is between twenty-four and twenty-five feet wide, on the east side of which is a foot path. There is a strip of grass between the traveled portion of the street and the property line on the west, and the water gate in question is located in this strip sixteen feet west of the westerly edge of the traveled portion of the street. The street line at this point is marked by a stone wall. The street being a dead-end street, there is no through vehicular traffic. There is a trolley station at the north end of the street and pedestrians pass through the street in going to and fro between the trolley station and Ocean Avenue most of whom make use of the foot path on the east side of the street. The ground west of the traveled portion of the street is rough and unimproved. Upon these facts the jury could reasonably find that Nashawena Avenue had been established as a public highway fifty feet in width by dedication and acceptance by the unorganized public. When the location of the highway established by dedication or prescription is indefinite and uncertain, its limits and boundaries will ordinarily be determined

by the common and ordinary use of the highway. The easement is, however, not necessarily limited to the traveled path, but may include such width as is reasonably necessary for the convenience of the traveling public. 29 C. J. p. 389; 13 R. C. L. p. 58, and cases there cited.

We are here concerned with a specific dedication of an accurately defined strip of land fifty feet in width, substantially complying with the minimum requirements as to width of a street laid out by other than a municipal corporation. General Statutes, § 1436. Its use by the public during the many years since its dedication fully justifies the conclusion that it is a street of common convenience and necessity and that it has been accepted by the public as dedicated, that is, as a street fifty feet in width. *Hall* v. *Meriden,* 48 Conn. 416, 428; *Russo* v. *Seleit,* 98 Conn. 398, 404, 119 Atl. 569. In view of the location and character of this street, it was not to be expected that the town would work the full width of it or the public use it. The use made of it was such as might be expected under the circumstances, and the fact that there was little if any actual use of the portion of the street west of the traveled path did not require a conclusion that the street had not been accepted by the public as dedicated for the full width of fifty feet.

In *New London* v. *Pequot Point Beach Co.,* 112 Conn. 340, 346, 152 Atl. 136, cited by the defendant, defendant's predecessors in title had deeded to the town a strip of land sixty-six feet wide on condition that the latter maintain a highway upon it, grade it, and move back a fence upon it to the division line. The town did not comply with all the conditions in the deed but built a road forty-seven feet wide on the portion of the strip north of the fence. The land south of the fence sloped abruptly to the beach, and before

it could have been used for a road it would have been necessary to extensively grade and fill and to build a sea wall to protect it from the tides. We said that the sparsely settled character of the locality made it unreasonable to expect the town to work the full width of the road or the public to use it, and that had the situation remained thus it might have justified an inference of an acceptance of the road and of the width as granted. But the trial court found that the land south of the fence had been occupied exclusively by the grantors in the deed and their successors in title, and that at no time did public convenience and necessity require for public travel the use of the land south of the fence as incidental to the use of the existing highway. In view of these findings we held that the trial court did not err in its conclusion that there had been no acceptance of the road for the sixty-six feet width as granted. The case is not an authority for holding that, upon the widely different situation here present, the jury could not reasonably have found an acceptance of the road as dedicated for its full width of fifty feet.

There is no error.

In this opinion the other judges concurred.