CHARITY A. PENDLETON

vs.

JOHN A. MACDONALD, HIGHWAY COMMISSIONER

Superior Court      New London County        File #9558

MEMORANDUM FILED FEBRUARY 21, 1938. .

Hibbard R. Norman, of Norwich, for the Appellant.

Charles J. McLaughlin, Attorney General, for the Appellee.

O'SULLIVAN, J. This action has been brought agreeable to the provisions of section 270a of the Public Acts of 1931 (Cum. Sup. [1935] §530c) by which an affected person may appeal to the Superior Court from the act of the Highway Commissioner in reestablishing lost or uncertain boundary lines or limits of a state aid or trunk line highway.

The appellant owns a tract of land in the town of Preston on the southerly side of the Norwich-Westerly road. On May 31, 1932, the Highway Commissioner notified the appellant that he had reestablished the bounds of the road as it passed by her property. The Commissioner had determined the bounds to be as follows: beginning at a concrete stone bound set on or near the easterly line of Indian Town Road; thence northwesterly in a straight line about 474.0 feet to a point about 12 feet easterly from the range of the westerly side of the appellant's house; thence northwesterly in a straight line about 181.9 feet to a point; thence westerly in a straight line about 44.25 feet to a concrete stone bound set in the center of a wide ditch; thence southwesterly in a straight line about 9.78 feet to a concrete stone bound in the center of said ditch. The foregoing lines and courses appear in detail upon a blue-print appropriately prepared by the Commissioner and by him filed with the proper persons, a copy of which print appears in evidence as Exhibit "A". The cause of this course of conduct by the Commissioner was his claim, which in this appeal the appellant disputes, that the bounds of the road have become lost or uncertain.

There are four methods of establishing a highway in the State of Connecticut:

1. Through direct action by the Legislature.

2. Through authorized proceedings involving an application to a court (Gen. Stat. [1930] §1450).

3. Through authorized proceedings by agents appointed for that purpose, such as selectmen of towns (§1433), specified officials of municipalities (§1435) and the Highway Commissioner (§1473).

4. Through private dedication of land and its acceptance by the public.

*Makepeace, et ux. vs. Waterbury,* 74 Conn. 360.

The Norwich-Westerly road, at least at the locus of this controversy, was established through the fourth method. Hence, the problem is simply this: how much of Mrs. Pendleton's land was dedicated for highway purposes by her predecessors in title and how much thereof was accepted by the unorganized public? That question is answered and the extent of the dedication and acceptance determined by the conduct, including acts and declarations, of the dedicating owner and of the general unorganized public. *Russo vs. Seleit,* 98 Conn. 398.

The Commissioner's reestablishment was not predicated upon any declarations of the dedicator, nor upon any map or plan to evidence the extent of the dedication, such as was available in *Levine vs. West Haven,* 120 Conn. 207. However, the former existence of an old stone wall at the northeast corner of the appellant's property, the course of which was carried along by a series of old trees, is ample proof that these were built or planted to denote the bound of that portion of the land intended for dedication as a highway. A stone wall is strong evidence of a boundary line. *Roberti vs. Atwater,* 43 Conn. 540, 546. Equally impressive for a similar purpose is the presence of a line of trees. Many years ago the Legislature offered a bounty for the planting and care of certain types of trees along a highway. Public Acts of 1881, chap. 102. The interest of the State in encouraging this practice has been apparent ever since that time. Bounties were continued and their amount was increased until the duty of setting out shade trees was placed upon public officials, at which time the bounty law was repealed. Public Acts of 1929, chap. 76.

The spaces between the trees on or near the appellant's land are all within the sixty-foot limit required by statute as a condition necessary for a bounty. It is reasonable to believe that the trees in question were planted along that line which the owner intended to mark as the bound of his dedication and for which he could qualify as the recipient of a bounty. *Wadsworth vs. Middletown,* 94 Conn. 435, 438.

The other requirement for the establishment of the high-

way is that the dedicated land be accepted by the unorganized public. The appellant's position is that only the wrought portion of the road has been so accepted. She further maintains that her acts of ownership over that area between the trees and the traveled portion, such as the mowing of the grass upon such area, preclude the public from obtaining the right to pass and repass over it.

Save where title has actually passed to the State or a subdivision thereof—a situation not here present—a highway is nothing but an easement, comprehending merely the right of the public to travel upon it. *Peck vs. Smith*, 1 Conn. 103, 132. Every person whose land abuts on a highway is the owner in fee of the soil to the middle of the highway, subject to the easement enjoyed by the public to pass over it, and on his side of the middle line he may do anything which an owner in fee may do, if it does not interfere with that easement. Thus, he may grade the surface of the highway, erect hitching posts or plant shade trees. *Fitch vs. New York P. & B. R.R. Co.*, 59 Conn. 414, 420. In like manner he may mow the grass that borders the wrought part of the road, but all of these acts of ownership are subject to the superior right of the public to pass with reasonable safety over the soil burdened by the easement.

The Norwich-Westerly road is typical of many which wind through the entire State, where the highway consists of a wrought portion with bordering areas of grass or bushes. In view of the location and character of the road, it is not to be expected that the public authorities would work its full width or the public use it to that extent. The use made of it was such as might be expected under the circumstances, and the fact that there was little if any use of the portion between the wrought part and the trees does not require a conclusion that the road had not been accepted by the public as dedicated by the owner. *Levine vs. West Haven, supra*, p. 210.

The case of *Russo vs. Seleit, supra,* relied on by the appellant, is not in point, inasmuch as the present case is concerned with an accurately defined strip of land dedicated for highway purposes.

Accordingly the appeal is dismissed.