HAROLD A. JOHNSON ET AL. *v.* THE TOWN OF WATER-
TOWN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and WYNNE, Js.

Argued April 5—decided June 8, 1944.

*U. G. Church* and *Michael J. Galullo,* for the appellants (plaintiffs).

*Guerin B. Carmody,* for the appellee (defendant The Evergreen Cemetery Association).

*John H. Cassidy* and *Lester W. Schaefer,* for the appellees (defendants The Town of Watertown et al.).

BROWN, J.  The plaintiffs brought this action by writ dated August 11, 1941, against the town, its selectmen and the Cemetery Association, seeking damages and injunctive relief.  The plaintiffs own land abutting on a street known as Pine Street, which had been plotted on a map of the tract by its then owners, Budge and Walker, to run from North Street to the land of the Cemetery Association, but which, the plaintiffs contend, had not been improved or accepted as a highway beyond a point some ninety to one hundred feet easterly of the easterly boundary of the cemetery land; and they base their claim for relief upon the fact that the Cemetery Association, without right, entered upon the unimproved portion of the street and prepared a roadway over it to connect its land with the improved portion of the street and that the selectmen permitted this to be done and have been requested but have refused to close the roadway so opened.  In the view which we take of the case the fundamental issue raised by the defendants' answer to the complaint is

whether the westerly section of Pine Street became a public highway by dedication.

February 18, 1924, Budge and Walker purchased a parcel of land on the westerly side of North Street in Watertown to develop into building lots for sale. February 29, 1924, they filed in the town clerk's office a map of the premises prepared for them by surveyor Mackie, showing a street designated as Pine Street fifty feet in width extending from North Street on the east to land of the Cemetery Association on the west, with building lots abutting both sides of it numbered from 1 to 15. After deeds of several lots had been given, the descriptions in which contained the words "as shown on the Mackie map," civil engineer Lockwood, at Walker's request, prepared a revised plan of the property dated October, 1925. This showed Pine Street and the fifteen lots substantially as set forth on the Mackie map, the only material change being the reduction of the uniform street width from fifty to forty-nine and one-half feet. This map was filed in the town clerk's office February 3, 1926, and was approved by the selectmen February 6, 1926. At this time the extreme westerly portion of Pine Street was not improved or used for highway purposes but was rough farm land with bushes and one or more apple trees on it and across it at the west end was a row of Scotch pines with a wire fence just beyond on the cemetery's easterly line. Shortly after this map was filed Walker had Lockwood install a stone marker at each of the four corners of Pine Street as shown on the map, the two at its westerly end being in the easterly line of the cemetery's land. None of these has since been changed. Budge and Walker requested that the town accept Pine Street as a public highway as laid out on the Lockwood map. Pursuant thereto, one purpose stated in the call for the annual town

meeting to be held on October 5, 1925, was "to take action on the layout of a public highway in Watertown to run westerly from North Street known as Pine Street." At this meeting it was voted that the selectmen "investigate the matter of accepting Pine Street" and report to an adjourned meeting. At that meeting, held on March 1, 1926, the selectmen made their report and it was voted "that Pine Street . . . be accepted."

The plaintiff Johnson is the owner of two lots on the south side of Pine Street, lot 15 abutting the cemetery land on the west and lot 14 adjoining lot 15 on the east. The plaintiff Kopp owns four lots on the opposite side of the street, lot 8 abutting the cemetery's land on the west and the adjoining lots 7, 6 and 5 situated next east. The four deeds by which title was conveyed to these owners were given between March 1, 1926, and December 3, 1938. The earliest deed, that of March 1, 1926, described the property conveyed as "bounded north on Pine Street, a proposed highway," and the other three, as "bounded on Pine Street a public highway." Each of the deeds describes the lots "as shown on the Lockwood map." Similar wording was contained in the deeds of other lots in the tract given during this period. No part of Pine Street has been taxed since March 1, 1926. Between February 18, 1924, and August 1, 1940, Budge and Walker graded and surface-hardened Pine Street and also installed curbs and concrete sidewalks on both sides from North Street to within ninety to one hundred feet of the easterly line of the cemetery land, extending the work westerly from time to time as called for by the construction of houses on the abutting lots. By their acts and conduct above recited, Budge and Walker intended to offer and dedicate Pine Street as outlined on the Lockwood map for use as a public highway.

In 1924 the Watertown Fire District laid a water main through Pine Street to a point seventy feet east. of the easterly line of the cemetery land and this main thereafter served the houses on the street; in 1936 it installed an eight-inch sanitary sewer to within thirty-five feet of that line. The then owners of lots 7, 8, 14 and 15 paid assessments against their respective lots therefor. Since March 1, 1926, the town has kept the hard-surfaced portion of Pine Street reasonably safe and convenient for public travel, and ever since that date persons having occasion to go to and from the six houses on the street have used it for that purpose. The westerly section was not graded or surface-hardened nor did it have sidewalks or curbs since no house had been built on the abutting lots. In connection with the installation of the sewer with a catch basin at its westerly end and of the water main, however, the trees, grass, shrubs and other growth were removed from a large part of this section and the surface involved was made smooth and available for vehicular and pedestrian travel. The section has been used as a playground, for the parking and turning of vehicles, and for servicing the water and sewer pipes. Its use for access to and from Pine Street for lots 7, 8 and 15 is necessary, though no house has as yet been built on any of these lots.

Prior to August 1, 1940, no objection was made by any one to the use of Pine Street or any part of it as a highway, nor did any one exercise any act of ownership incompatible therewith. On or about August 1, 1940, the Cemetery Association removed three of the pine trees and the old wire fence on the boundary between its land and Pine Street, opening up a space twenty feet wide for travel from a roadway on its land to Pine Street. Although this was done without the consent of the defendant selectmen, they refused

to restore the situation to the former condition, as requested by the plaintiff Johnson, and about ten months later oiled and graveled this twenty-foot strip of land. All the foregoing facts have been found by the court and they are not subject to correction in any respect materially affecting the issues.

One of the court's conclusions was that "Pine Street as outlined on the Lockwood map was dedicated by Budge and Walker for public highway purposes, and was accepted as such by the vote adopted at the meeting of the legal voters of the Town of Watertown held March 1, 1926, and by the use thereof by the unorganized public as a public highway from March 1, 1926, to and until August 1, 1940." The plaintiffs do not seriously question that there was an effective dedication of all of Pine Street with the exception of its westerly portion. They do claim, however, that because this part was left in its natural condition and was neither graded nor surfaced like the rest of the street there could have been no valid dedication as to it prior to and when the alleged trespasses were committed.

Two elements are essential to dedication: manifested intent by the owner to dedicate the land in question for the use of the public, and acceptance by the public. *LaChappelle* v. *Jewett City*, 121 Conn. 381, 386, 387, 185 Atl. 175. The intent shown by the conduct of Budge and Walker "to offer and dedicate Pine Street as outlined on the Lockwood map for use as a public highway," already recited, leaves no doubt of the existence of the first above essential of intent to dedicate Pine Street throughout its whole length and up to the cemetery land. As suggested by what we have stated above, it is undisputed that there was actual acceptance by the public as to the road up to the easterly edge of the unimproved portion.

Whether there was acceptance as to this westerly portion also is the crucial question. Where acceptance depends upon user by the public and the way offered has definite bounds, acceptance by the general public will ordinarily be acceptance for the defined width. *Hall* v. *Meriden*, 48 Conn. 416, 428; *Levine* v. *West Haven*, 120 Conn. 207, 210, 179 Atl. 841. This is not an inflexible rule, however. Thus this court has held, where a highway sixty-six feet wide was formally offered, that the facts found by the trial court warranted its conclusion that the highway was dedicated to a width of forty-seven feet only. *New London* v. *Pequot Point Beach Co.*, 112 Conn. 340, 346, 152 Atl. 136. But, as is pointed out in *Hall* v. *Meriden*, supra, 429, acceptance for the whole length laid out involves very different considerations from those incident to acceptance for the full width. In the former situation, "Where the actual use stops there the acceptance stops, with only the qualification . . . that such use will take in whatever may be regarded as properly incident to it." The situation in *Derby* v. *Alling*, 40 Conn. 410, fell within this qualification, and in that case having acceptance extend beyond actual user was "a special and unusual effect." *New London* v. *Pequot Point Beach Co.*, supra, 345. Whether there has been a dedication is a question of fact. *Sawicki* v. *Connecticut Ry. & Lighting Co.*, 129 Conn. 626, 630, 30 Atl. (2d) 556; *Kenneson* v. *Bridgeport*, 130 Conn. 298, 301, 33 Atl. (2d) 313. Likewise the determination of the extent to which there has been an acceptance of a street involves a question of fact. See *Russo* v. *Seleit*, 98 Conn. 398, 405, 119 Atl. 569. Whether the entire extent of Pine Street had been accepted was a question of fact to be determined upon the basis of the legal principles involved. It follows from what we have said that the decisive question at

issue is whether the situation shown by this record bears sufficient similitude to that in the *Derby* case to warrant the conclusion that there had been an acceptance of the westerly portion of Pine Street. See *Street* v. *Lette*, 79 Conn. 352, 357, 65 Atl. 373.

In determining whether the facts here were such as entitled the court to regard the acceptance of the westerly portion as properly incident to the actual use made of the easterly portion, within the qualification of the *Derby* case, this use must be considered in the light of the peculiar features of the existing situation. Among these were the formal layout made, the shortness of the street and the relatively small part beyond that which, it is unquestioned, had been accepted, the fact that this west portion might well serve the semipublic use of the cemetery, the exemption of the street from taxation, and the indication that it was of common convenience and necessity, shown by the town's action in accepting it. In addition, the finding shows actual use (1) of the east portion, by those going to and from the premises of abutting residents, by the Watertown Fire District in installing a water main and a sewer, the latter never being constructed in other than public highways, and by the town in surfacing the street and keeping it cleared of snow; (2) of the west portion, by members of the public for a playground and for the parking and turning of vehicles, and by the Fire District for the extension of the sewer, terminating in a catch basin, and of the water main, each to the extent needed properly to serve all adjoining land on the street, together with the surfacing for travel incidental thereto; and (3) of the street for its entire length, by the town in the clearing of snow with the town plow. This actual use coupled with the facts we have stated above was sufficient to render the rule of

the *Derby* case applicable. The court did not err in concluding that there was an effective acceptance of the westerly portion of Pine Street.

One further contention of the plaintiffs is that, even though there was a dedication of all of Pine Street, the Cemetery Association, since its land was located at the end and not on the side of the street, is not an abutting owner and has no right of access to it. Land abuts a street when there is no intervening land between it and the street. *Kneebs* v. *Sioux City,* 156 Iowa 607, 137 N.W. 944; *Kemp* v. *Seattle,* 149 Wash. 197, 201, 270 Pac. 431; *Messinger* v. *Cincinnati,* 36 Ohio App. 337, 342, 173 N.E. 260. The defendant association as the owner of land abutting the westerly end of this public highway had the right of reasonable access to it. *Anzalone* v. *Metropolitan District Commission,* 257 Mass. 32, 36, 153 N.E. 325; 4 McQuillin, Municipal Corporations (2d Ed.), §§ 1425.1, 1429. "The right of access exists whether the abutting owner owns the soil to the middle of the highway or not." *Norwalk* v. *Podmore,* 86 Conn. 658, 665, 86 Atl. 582. See also *Newton* v. *New York, N. H. & H. R. Co.,* 72 Conn. 420, 427, 44 Atl. 813. The right to remove any fence or other obstruction interfering with the exercise of the association's right of access was incident thereto. *Ely* v. *Parsons,* 55 Conn. 83, 99, 10 Atl. 499; *Hubbard* v. *Deming,* 21 Conn. 356, 360. The Cemetery Association was therefore justified in opening the roadway as it did. The defendant town and its selectmen were likewise justified in maintaining it thereafter.

We have no need to consider the effect of § 1412 of the General Statutes, which provides that any municipality, except as otherwise provided in its charter, may accept as a public highway any street or highway situated within it, or of the provision in the

original act validating the action of any municipality theretofore taken in accepting a highway as a public highway. Public Acts, 1927, Chap. 248.

There is no error.

In this opinion the other judges concurred.