[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs in the above entitled matter are before this court seeking a temporary injunction against the defendants Andrew Frank, Joan E. Frank and their agents, servants and employees to prevent further widening and grading activity within the boundary lines of a pent road called Cooper Lane, located in Westport, Connecticut and shown on a certain map on file in the Westport Town Clerk's Office numbered 5911 (Ex. 1). The plaintiffs' property is shown on said map as Lot 1 and is bounded southerly be the northerly line of Cooper Lane, but has no recorded rights to the use of Cooper Lane for any purpose.
Cooper Lane is a dead end lane, twenty five feet in width with an unpaved travel surface approximately twelve feet in width. The traveled surface has been maintained by the owners of the interior lots whose access to Old Hill Road, a public highway, is gained by passing over the traveled surface of Cooper Lane. The Town of Westport lists Cooper Lane as a private road. The far end of the lane abuts an undeveloped area that is in its natural state and not used for access to the areas beyond its end either by vehicular or pedestrian traffic. Although only recently was a "private road" sign posted at the entrance to the lane, the traffic on said lane is limited to those needs of the three properties enjoying the use of the lane by right of way rights conveyed in their deeds. Thus those who use the lane do so for a social or business purpose directly related to the occupants of the interior lots on said lane.
The first claim of the plaintiffs is that Cooper Lane, although not formally accepted as a public highway by the Town of Westport, is a public highway by dedication by Mrs. Cooper, by filing map 5911 and by acceptance by the public as a public highway. In response to this claim the court refers to the case of Stratford v. Fidelity CasualtyCo., 106 Conn. 34, 37 (1927) that has a factual pattern very similar to the facts in this case which states in part "at one end it connected only with proposed streets not existing in fact; that there were about a dozen houses upon it; and that traffic upon it was such as went to serve the CT Page 15456 residents of these houses, for hauling provisions and coal, and for their general traffic. The situation so disclosed falls far short of being one which would point to the conclusion of an acceptance of the street by the general public . . ."
The facts in the case before the court do not permit a finding that there was a use by the general public of such a character as to justify a conclusion that the lane is of common convenience and necessity. An example, of case which would justify such a finding is Levine v. WestHaven, 120 Conn. 207, 208 (1935).
The plaintiffs having failed to prove that the lane was accepted by the general public as a public highway, this claim is rejected.
The second claim of the plaintiffs is that they as an abutting owner of Cooper Lane own the fee to the center line of Cooper Lane subject to the rights of the public to pass and repass over said lane. As noted above, the plaintiffs have failed to prove that Cooper Lane is a public highway. "The grantee of land bounded on a private way is not presumed to own the fee in any part of the way." The mere fact that plaintiffs' land abuts Cooper Lane gives them no interest in the fee of the way upon which they can predicate a case against the defendants on the theory of trespass. Wambeck v. Lovetri, 141 Conn. 558, 562 (1954). Thus the plaintiffs' claim of irreparable harm based on trespass fails as to this theory
The plaintiffs' next claim is that the defendants have unlawfully enlarged the scope of the easement. There is no credible evidence that defendants have disturbed any property beyond the mapped northerly boundary of Cooper Lane where it abuts plaintiffs' property. The cases cited by plaintiffs concerning the right to alter, expand or modify an easement relate to prescriptive easements or to easements by grant without a specific width and are not applicable to a mapped right of way such as Cooper Lane. Since Cooper Lane is not a public highway, there is no need to seek the authority of a highway official to modify or improve Cooper Lane within its boundaries.
The next claim of the plaintiffs is that the quit claim deed (Ex. K) is insufficient to convey title to Cooper Lane to the defendant Joan E. Frank because the grantors did not seek Probate Court approval in accordance with § 45-164 (a) of the Connecticut General Statutes. Said statute is not applicable to Executors who have a power to sell under a will. In the executors' deed (Ex. H) from the estate of Alice J. Cooper, conveying Plot 3 as shown on map 5911, the second paragraph states "Whereas, under the terms of ARTICLE TENTH of the Last Will and CT Page 15457 Testament of said Deceased, said Executors are authorized and empowered to sell the real property belonging to the decedent on such terms and conditions as they may think best." The court concludes that there being no evidence to the contrary that the grantors had authority to execute Exhibit K and vest title to Cooper Lane in Joan E. Frank, subject to the rights of the owners of the interior lots abutting the Lane to access their properties.
The last claim raised by the plaintiffs is that a portion of Cooper Lane to the south of plaintiffs' southerly boundary line that abuts their property is now owned by them because use by them and their predecessors in title has resulted in their ownership by adverse possession.
"In order to establish title by adverse possession, the claimant must oust an owner of possession and keep such owner out without interruption for fifteen years by an open, visible and exclusive possession under a claim of right with the intent to use the property as his own and without the consent of the owner." Ruggiero v. East Hartford, 2 Conn. App. 89,96.
The standard of proof for establishing title by adverse possession is "clear and positive proof" Roche v. Fairfield, 186 Conn. 490, 498.
The area that is claimed prior to the widening done by defendants consisted of thick underbrush that served as a visual screen from plaintiffs' property when looking in a southerly direction. There were also a scattering of hemlock trees both on plaintiffs' land and on the northerly portion of Cooper Lane. In addition there was a stonewall in deteriorating condition that ran parallel to Cooper Lane but not on plaintiffs' property.
The plaintiffs claim that their possessory acts were to trim storm damage from their trees and those growing in the area immediately south of their property line, the spraying of said trees while spraying their own and repositioning some of the stones in the stonewall from time to time. The underbrush was entered from time to time to recover overthrown balls and other play things that landed in said underbrush.
The plaintiffs did not clean the underbrush or cultivate in anyway the area in question. It was left in its natural state to enjoy the privacy it provided to their property.
The plaintiffs had a privacy fence constructed along their easterly boundary that abuts the residence lot of the defendants. At the southerly terminus of said fence, the fence turns westerly for 16 feet. That CT Page 15458 portion of the fence is on the northerly line of Cooper Lane, very inconsistent with a claim of ownership to the south of said northerly line.
The plaintiffs have owned their property since February 24, 1993 (Ex. 2). A claim for adverse possession must show an adverse and notorious use of the claimed area for 15 years. The plaintiffs have suggested that their predecessor in title also used the area in question sufficiently to furnish the additional years needed for adverse possession. There is no evidence before the court to make such a finding.
The court finds that the plaintiffs have failed to show by clear and positive proof that they have exercised that degree of dominion and control over the area in question to arise to the level of adverse possession. In addition they have failed to present evidence to meet the need for 15 years of adverse possession.
As noted above the plaintiffs seek a temporary injunction to enjoin the defendants from any further acts within Cooper lane until a full hearing on the merits may be concluded.
To grant the requested relief this court must balance the equities of the parties. The plaintiffs' claims have been discussed above and each has been found to be insufficient to rise to a need for relief. The defendants have shown a fee interest in the Lane as defined by a record map subject to the rights of other interior lot owners abutting same. The equities lie with the defendants and since the plaintiffs do not have a reasonable probability of success on the merits, their application for a temporary injunction is denied.
 ___________________ STODOLINK, J.T.R.
CT Page 15459