JOHN B. PHILLIPS *vs.* THE CITY OF STAMFORD.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The question of the acceptance by the public of land which has been dedicated for a highway is one of mixed law and fact: of law as to the nature of the acceptance, the source from which it must come, and the acts and things which may be indicative of it; and of fact in so far as it involves inquiries as to whether or not the requisite acts and things have been done to meet these legal requirements.

Whether the user actually made by the unorganized public is sufficient to justify a conclusion that the land has been accepted for highway purposes, must depend largely upon the location and surroundings of the land and the service for which it was intended and adapted. If the dedicated way is a short strip leading from an existing highway to the seashore in a somewhat remote and sparsely settled portion of the town, as in the present case, it is not essential to an acceptance that the travel thereon should have been extensive, but only that those members of the public who would naturally be expected to use and enjoy it should have done so at their pleasure; and if the way appears to be one of common convenience and necessity, the acts and conduct of the public, showing a recognition of its usefulness and beneficial character, will be the more readily regarded as satisfying the conditions of a legal acceptance.

The fact that a town has not worked or repaired land dedicated to highway uses is not a matter of vital importance; for an acceptance by the public may be shown in other ways.

In the present case it appeared that the use of the way had been in large part by pedestrians and chiefly in the summer season. *Held* that neither of these facts was of controlling significance upon the question of an acceptance by the public.

Submitted on briefs October 30th—decided December 18th, 1908.

ACTION in the nature of trespass *qu. cl. fr.*, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

Moses Rogers died in 1824, possessed of a large tract of land comprising Shippan Point in Stamford, and distant

about two miles from the center of the present city of Stamford. This Point extends out into Long Island Sound, and is bordered by the waters of the Sound and Stamford harbor on every side except the northerly end. This tract Rogers, by his will, placed in the hands of trustees. In 1869 the trustees caused the land to be surveyed, laid out into building lots, with suitable highway approaches and parks, and a map of this lay-out to be filed in the town clerk's office. This was done with a view to the development of the property for residential purposes. At that time there were few, if any, houses on the land, and the single highway by which it could be reached was but little traveled. The highways thus laid down on the map were dedicated to the public use, and most of them, including Ocean Drive, had, before July, 1886, become accepted highways, and, with others since accepted, are now so used. Ocean Drive skirts the easterly shore of Stamford harbor at a distance of approximately from 200 to 400 feet therefrom, and then continues its course around the point in general conformity to the shore, leaving building lots between it and the shore. Before July, 1886, the trustees conveyed to various persons certain of the lots, retaining the unsold portions of the property, and houses and other buildings had been erected upon the lots sold. The lots thus built upon were for the most part confined to the section between Ocean Drive and the harbor, and the Drive and the Sound at the southern end of the Point.

July 3d, 1886, the trustees, who retained title to the locus, executed and recorded an instrument setting apart and dedicating it and another strip of land to the use of the public as and for streets and highways. The locus in controversy thus dedicated is a strip 50 feet in width, and extends from Ocean Drive westerly to the waters of the harbor at high-water mark. It is not shown on the map of 1869 as a projected street, but is included in lot No. 271. It has never been worked as a roadway, but it has been allowed to re-

main in its natural state, except that the grass upon it has been cut from time to time, and there have never been visible traveled paths over it. There are trees within its limits not interfering with its use. It has at all times afforded a safe and feasible passage for public travel, whether on foot or in vehicles. It furnished a means of easy access to the beach and harbor, and from the time of its dedication continuously to the present time many of the public have availed themselves of it for this purpose. Its use, which has increased with the growth of the population in the vicinity, has been principally but not entirely by pedestrians and has been chiefly confined to the summer time. It has been used to some extent by people with conveyances driving upon it and hitching their horses to the trees standing upon it.

The court found that there had been sufficient user by the unorganized public to constitute an acceptance of the highway, and that the premises had by such acceptance been a public highway for at least fifteen years.

In 1904 the trustees parted with the title to the unsold lots in said tract, which immediately passed to a land company, which has caused the property to be greatly developed and improved, and many lots have been sold upon which many and expensive houses have been erected for use as summer homes.

Reference to the evidence which has been certified to this court for a correction of the finding, discloses that the court in finding that many of the public had used the way for purposes of travel to and from the beach, did not use that language to convey the impression that the number of users was a very large one, or the volume of travel heavy. One of the defendant's witnesses who testified that he lived near to the locus during the four or five years following the dedication, estimated that he saw some fifty wagons each season. Another, who said that he had lived in the immediate neighborhood ever since the land was dedicated, but worked else-

where, estimated that the average number of persons whom he had seen using the way was from fifty to eighty annually.

*Robert A. Fosdick,* for the appellant (plaintiff).

*Stanley T. Jennings,* for the appellee (defendant).

PRENTICE, J. This record presents only one general question which calls for consideration. The remaining questions are subsidiary to it. The plaintiff charges the defendant with having committed a trespass upon a strip of land 50 feet wide and about 200 feet long, extending from a highway to high-water mark of Stamford harbor. The defendant sets up in justification of its acts, that the locus was a public highway as the result of its dedication to highway uses by its owner and the acceptance by the public of it for the purposes for which it was dedicated. It is conceded that if the land was a highway, the conduct of the defendant which is complained of was within its rights. It is admitted that the land was in 1886 dedicated for public use as a highway, as claimed. The acceptance by the public is denied. The court has found that there was such an acceptance within a reasonable time. If this conclusion was justified by the facts, the judgment cannot be disturbed.

The admission of the dedication of the land for the purposes of public travel, removes from the case a question which has been a fruitful source of difficulty where the existence of highways as the result of dedication and acceptance has been in dispute. We have to deal only with the question of public acceptance. This question is one of mixed law and fact. It is one of law in so far as it involves questions as to the nature of this acceptance, the source from which it must come, and the acts and things which may be indicative of it. It is one of fact in so far as it involves inquiries as to whether or not the requisite acts and things have been done so that legal requirements have been met. *Hall* v. *Meriden,* 48 Conn. 416, 428. The legal principles

which the trial court applied clearly appear in the record, and they are the correct ones. The subordinate facts found, when subjected to these principles, are sufficient to justify the conclusion reached.

The acceptance which, and which alone, is efficient, is one on the part of the unorganized public, who, by the circumstances of the situation, cannot express themselves by vote or other formal action. It can only be disclosed by acts and conduct on the part of the individual members of the public as such, or as organized into some public organic group. *Makepeace* v. *Waterbury,* 74 Conn. 360, 362, 50 Atl. 876. We have said that where the proffered way is shown to be one of common convenience and necessity, and therefore beneficial to the public, acceptance will be presumed; that for the purpose of showing that it is beneficial, a variety of acts and conduct on the part of the municipality, or of individual members of the public, indicating a recognition of its usefulness and tending to show an approval of the gift by the members of the community immediately cognizant of it, are of importance; and that of all the things thus important as evidence of the beneficial character of the dedication, the actual use of the way as a highway by those who have occasion to use it, holds the highest place. *Guthrie* v. *New Haven,* 31 Conn. 308, 321; *Green* v. *Canaan,* 29 id. 157, 165. Whether or not this statement embodies in all respects a correct analysis, certain it is that when the public, by the acts and conduct of those of its members who are most likely to be cognizant of a proffered gift of a way for the public use, has shown its recognition of its usefulness and beneficial character, and its approval of the gift by any one or more of a variety of recognized acts and conduct, the conditions of an acceptance are fully satisfied; that if the dedication appears to be one of common convenience and necessity, and therefore beneficial to the public, the conditions arising from the acts and conduct of the public will the more readily be regarded as satisfied; and that to the

user of the way, by those who have occasion to use it, special importance attaches as an indication of the public attitude. *Guthrie* v. *New Haven*, 31 Conn. 308, 321; *Hall* v. *Meriden*, 48 id. 416, 431; *County of Wayne* v. *Miller*, 31 Mich. 447, 450; *Abbott* v. *Cottage City*, 143 Mass. 521, 525, 10 N. E. 325.

The facts of the present case disclose no working of the land for highway use. This, however, is not a matter of vital moment. *Street* v. *Leete*, 79 Conn. 352, 357, 65 Atl. 373. That a traveled way has or has not been wrought by the local municipality, that repairs have or have not been made at the public charge, or otherwise, for the accommodation of travel, are facts which naturally possess significance and oftentimes great significance as evidence tending to show the acceptance or the absence of acceptance by the public of a dedicated way; but the only importance to be attached to such facts is that which bears upon their evidential value for the purpose indicated. Neither original working nor subsequent reparation possess binding force as creating an acceptance, and acceptance may be shown in other ways. *Green* v. *Canaan*, 29 Conn. 157, 165; *Guthrie* v. *New Haven*, 31 id. 308, 321; *Sherwood* v. *Weston*, 18 id. 32, 51.

The facts also disclose that the use of the way has been in large part by persons on foot, and been confined chiefly to the summer season. Neither of these facts is of controlling significance. The attitude of the public toward the proffered gift for its benefit could be as effectively disclosed by foot travel, if that was, as here, the kind which would naturally be chiefly accommodated, as by any other; and a user limited to the summer season, if that was the user to be anticipated and for the accommodation of which the way was, under the circumstances, suited, would be as significant as any could reasonably be expected to be.

The user of this locus as a highway does not appear to have been an extensive one, or one participated in by large numbers of the general public. But that fact is not one

fatal to the court's conclusion. It is not essential to the creation of a highway by dedication and acceptance that large numbers of the public participate in the user, or that the user be one which results in a large volume of travel. Each situation must be judged in relation to its own surroundings and conditions, and with a regard for the number of persons who would have occasion to use the way. *Guthrie* v. *New Haven*, 31 Conn. 308, 321. It is only necessary that those who would be naturally expected to enjoy it have done so at their pleasure. 13 Cyc. 466. Here the dedicated way was a short one, leading from an existing highway to the shore. It was located in a somewhat remote portion of Stamford, and was surrounded by property which in the beginning had been sparsely settled and had continued to be in the process of development as property suited to shore residence and life. Houses had been built upon nearby land, but there were none for which the 200-foot strip would furnish a natural or necessary means of access. The service for which it was intended and adapted was that of furnishing a way of access to the beach and harbor for those who, not owning land upon them, might wish to reach them. This service was one which, in view of its connection with the highway system and the present and prospective appropriation and use of the neighboring land, the public might well regard as a beneficial one.

.The court has found that from the time of the dedication in 1886 many of the public have used the locus for highway purposes and as a means of access to the beach, and that this user has been sufficient to constitute an acceptance of the dedication of the land for highway purposes. The plaintiff seeks a correction of the finding in respect to these conclusions and certain matters involved therein. An examination of the evidence discloses a reasonable foundation for the findings made in respect to both the subordinate facts stated, and, under the principles of law already discussed, the ultimate conclusion reached.

Certain of this testimony was received under objection, and this action of the court is assigned as error. It was admissible as tending to show the character and extent of the user of the public, and the public's approving attitude toward the gift of the way for its use and its beneficial character.

There is no error.

In this opinion the other judges concurred.