## MARY KENNESON *v.* THE CITY OF BRIDGEPORT.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 2—decided July 13, 1943.

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellant (defendant).

*Joseph G. Shapiro,* with whom were *Milton H. Belinkie* and *Norris Rossinoff,* for the appellee (plain-tiff).

MALTBIE, C. J.  The plaintiff brought this action to recover for injuries caused by being thrown from the rear seat of an automobile in which she was riding when it struck a series of depressions in the roadway of Evitt's Lane in the defendant city.  The plaintiff claimed that Evitt's Lane was a public highway by dedication and based her complaint upon the statute permitting recovery against a town or city for injuries due to a defective highway.  General Statutes, § 1420.  The case was tried to a jury, a verdict was rendered for the plaintiff and the defendant has appealed from the denial of its motion to set it aside and from the judgment.  Evitt's Lane was not laid out or

ever formally accepted by the city as a public highway, and the principal issue is: Had the lane become a public highway by dedication? On the defendant's appeal from the denial of its motion to set the verdict aside, its only claim is that the evidence failed adequately to support a conclusion that common convenience and necessity would be served by the public's use of the lane, and that, without proof of this, it could not be found to constitute a highway by dedication.

In *Paulsen* v. *Wilton*, 78 Conn. 58, 64, 61 Atl. 61, we said that the fact of common convenience and necessity is involved in the establishment of every highway; "but in the case of a highway established by dedication this fact is settled in a manner peculiar and differing from that prescribed by statutes authorizing the layout and establishment of highways." In *Hartford* v. *Day*, 64 Conn. 250, 254, 29 Atl. 480, we said, in speaking of the layout of highways under the statutes, that the words "common convenience and necessity" are often found in our statutes and judicial decisions as applied to various subjects of a common and public nature. "It is an expression not very easy to define, but its meaning may be sufficiently well understood by considering the elements of which it is composed." In *In re Application of Shelton Street Ry. Co.*, 69 Conn. 626, 629, 38 Atl. 362, we said that courts have been called upon to decide whether conditions existing in a particular case create "a public convenience and necessity" within the meaning of some legislative act; and that "the substantial thing to be decided retains much of the inherent indeterminate character of the original question of public policy." In *Bryan* v. *Branford*, 50 Conn. 246, 253, we said that the word "necessity" in the phrase "common convenience and necessity" used in the statutes concerning the layout of highways did not mean indispensable. "The neces-

sity referred to is not absolute, but a reasonable public exigency. The words that precede, namely, 'common convenience and,' somewhat modify the meaning of 'necessity.'" In that case we sustained the layout of a shorter road to a certain destination which could be already reached by existing highways. See also *Wardsboro* v. *Jamaica*, 59 Vt. 514, 516, 9 Atl. 11; *Corey* v. *Swagger*, 74 Ind. 211, 213; *Aurora & Geneva Ry. Co.* v. *Harvey*, 178 Ill. 477, 485, 53 N. E. 331; *Komposh* v. *Powers*, 75 Mont. 493, 506, 244 Pac. 298; *McCulloch* v. *Maryland*, 4 Wheat. (17 U. S.) 316, 414, 4 Law Ed. 579. Use by the public may in itself be evidence that a highway is of common convenience and necessity. *Levine* v. *West Haven*, 120 Conn. 207, 210, 179 Atl. 841. Nor is it necessary that the use be more general than such as serves the convenience of those persons who have lawful occasion to pass over the road; *Levine* v. *West Haven*, supra; *Phillips* v. *Stamford*, 81 Conn. 408, 412, 71 Atl. 361; thus in *Bryan* v. *Branford*, supra, the road the layout of which was sustained was principally used to reach a summer resort. Whether the circumstances proven are sufficient to meet the legal requirements of a dedication is a question of fact. *Phillips* v. *Stamford*, supra, 411; *Sawicki* v. *Connecticut Ry. & Lighting Co.*, 129 Conn. 626, 630, 30 Atl. (2d) 556.

The jury could reasonably have found the following facts: Evitt's Lane is located near a business center in the defendant city. It runs from East Main Street to Kossuth Street substantially parallel to two other streets, Stratford Avenue and Nichols Street, which also run between East Main and Kossuth Streets. The former is one of the principal easterly and westerly thoroughfares of the city. Evitt's Lane is one hundred and seventy-seven feet southerly of Kossuth Street and about four hundred and eighty feet north-

erly of Stratford Avenue. All these streets except Evitt's Lane are paved, are principal streets of the city and have sidewalks. Three residences front on the lane, in one of which three or more families reside. The lane is a dirt road, although a paved strip about half its width runs along the side of a building at the corner of the lane and Kossuth Street, put there when the building was constructed by the contractor for the building. The lane is about twenty feet wide. For more than fifty years it has been in quite frequent use by vehicular traffic and pedestrians going to and from the houses on it, and for travel between East Main Street and Kossuth Street. The land constituting the lane is not assessed by the city for taxation. The lane appears on maps made by the engineering department of the city for use in assessing taxes, and on zoning maps. There is a street sign erected by the city with the legend "Evitt's Lane" at the corner of Kossuth Street, and there was formerly a similar sign at the corner of East Main Street. In 1941 the city installed and has since maintained a floodlight at the corner of Kossuth Street which lights the lane. Since 1924 the city has from time to time filled holes in the lane with cinders and for a portion of the time this was done every spring; and from 1924 to 1930 employees of the city went through the lane every two or three weeks to clean up any rubbish. At each end the curbs of the intersecting streets turn into the lane.

The fact that the city made repairs to the lane is persuasive evidence that it serves common convenience and necessity; *Green* v. *Town of New Canaan*, 29 Conn. 157, 164; *New York, N. H. & H. R. Co.* v. *New Haven*, 46 Conn. 257, 262; *Phillips* v. *Stamford*, supra, 413; and this is also true of other conduct of the city indicating a recognition of its usefulness, and its common acceptance as a public way. *Guthrie* v.

*New Haven,* 31 Conn. 308, 321; *Phillips* v. *Stamford,* supra; *New London* v. *Pequot Point Beach Co.,* 112 Conn, 340, 345, 152 Atl. 136. The jury could reasonably have found that the lane was of common convenience and necessity and that all the conditions necessary to constitute a dedication had been proven. The trial court was right in refusing to set the verdict aside.

The defendant assigns error in two short passages in the charge. In one the court called attention to the fact that the city had not assessed the land constituting the lane for taxation against anybody, and added "so the City makes no assertion here that this land is or was owned by some other individual." As we have indicated, the failure of the city to tax the land is some evidence of recognition by the city that no individual had a beneficial ownership of the land; and the jury must have understood the charge as meaning this. The other portion of the charge assigned as error, while perhaps not very accurately phrased, could not, when read with the rest of it, have been misleading. The defendant also assigns as error the refusal of the trial court to admit in evidence an ordinance of the city which, so far as the record shows, was first adopted in 1906 and which, in its present form, is as follows: "No street shall hereafter be laid out, and no permission given to lay out any such street, or to accept the same, unless such street shall have at least fifty feet in width." It is not argued that the city had legislative authority to regulate the dedication of highways, and without that the ordinance can only be construed as applicable to the formal layout or acceptance of highways; as we said of a statute regulating the layout of highways, "its operation cannot be extended, by analogy, to a radical alteration of the common law which regulates the establishment of

highways by dedication, when the legislative intent to make such alteration is not expressed." *Paulsen* v. *Wilton,* supra, 64. The trial court was right in rejecting the ordinance as irrelevant upon the issues in the case.

There is no error.

In this opinion the other judges concurred.