ELLA F. MESHBERG *v.* BRIDGEPORT CITY TRUST COMPANY, TRUSTEE, ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, JS.

---

Argued December 13, 1979—decision released April 15, 1980

*Raphael Korff,* for the appellant (plaintiff).

*Burton S. Yaffie,* for the appellee (defendant town of Trumbull.)

ARTHUR H. HEALEY, J. The plaintiff brought this action, pursuant to General Statutes § 47-31, against the Bridgeport City Trust Co., Trustee (hereinafter bank) and the town of Trumbull for a judgment determining and settling the title to certain land.[1] In her complaint, the plaintiff claims

---

[1] The Bridgeport City Trust Co. had received title to a large tract of land in Trumbull which it subdivided into building lots in accordance with a map dated June 13, 1939, entitled "Parkway Village Plan 3 Woodridge Circle." This map was filed in the Trumbull town clerk's office after approval by the town planning commission. Various proposed streets appear on this map, including Judson

title to property known as Judson Street by adverse possession.[2] Because title to realty held in fee by a municipality for a public use cannot be acquired by adverse possession; *Goldman* v. *Quadrato,* 142 Conn. 398, 402–403, 114 A.2d 687 (1955); the ultimate question presented by this appeal is whether that portion of Judson Street to which the plaintiff claims title is land held by the town of Trumbull for public use as a highway. The trial court concluded that it was and, hence, that the plaintiff could not acquire title by adverse possession. The plaintiff has appealed.

The following is a summary of the relevant facts found by the trial court together with such corrections as were sought by the plaintiff and warranted.[3] The defendant bank, as trustee, held title to a large tract of land in the town of Trumbull, which was subdivided into building lots in accordance with a map dated June 13, 1939, and entitled "Parkway Village Plan 3 Woodridge Circle." The map was filed in the Trumbull town clerk's office after approval by the town planning commission. (This

Street, a portion of which the plaintiff claims title to by adverse possession. Counsel for the bank appeared before the court before evidence was presented and indicated that the bank was the "legal record owner" of the disputed property; that it did not know who the beneficiary of the trust would be as it had not been able to determine or even locate the trust deed at that time; and that, because the town of Trumbull was defending on the basis that the land in question is a public street, his client had instructed him not to participate any further in the defense of the action. Although the bank had filed pleadings in the case, it did not participate further in the trial. The court adjudged title to be in the town of Trumbull.

[2] Although the record and briefs refer at times to the property involved in this appeal as "Judson Place," the subdivision map refers to it as "Judson Street."

[3] The plaintiff claims that certain material facts were admitted and undisputed by the parties and, hence, should be added to the finding. We agree and have altered the finding accordingly.

map will hereinafter be referred to as the 1939 subdivision map.) Various proposed streets, including Judson Street, were laid out in this map. In 1945, Louis Meshberg, the plaintiff's husband, acquired title to lot 28, which borders the disputed section of Judson Street as shown on the 1939 subdivision map, and in 1957 he conveyed title to the lot to his wife, the plaintiff. That deed indicated that lot 28 was conveyed in accordance with the 1939 subdivision map. Directly across Judson Street and easterly of lot 28 is lot 29. The disputed property is that portion of Judson Street that lies between lots 28 and 29. This property is 50 feet in width and 180 feet, more or less, in length, as is the length of the plaintiff's lot 28. It is undisputed that all of the proposed streets shown on the 1939 subdivision map, with the exception of this portion of Judson Street and a portion of another street, were formally accepted by resolution of the town council and that the town paved and installed sewers in all of these streets except the two segments which included the disputed property.

By an application dated August 29, 1951, Louis Meshberg applied for and obtained a building permit to construct a house on lot 28. In 1952, he filed an application with the zoning board of appeals for a sideline waiver for that portion of the property adjacent to "Judson Street." The application was approved and a house was constructed, which the plaintiff has occupied since 1952. In 1967, the plaintiff saw some men cross "proposed Judson Place" and go into adjoining town property looking for mushrooms.[4] Visitors in the neighborhood have

[4] The trial court also made the following finding: "The plaintiff testified that children have crossed the area known as 'proposed Judson Place' to gain access to the town property in the rear." This

gone into the "proposed Judson Place" and parked
their cars there over the years. The town has
exempted the portion of Judson Street in issue from
its taxable grand list.

In 1965 and 1967, the town of Trumbull purchased
three undeveloped properties that were contiguous
to a portion of the 1939 subdivision, including the
disputed portion of Judson Street. Prior and sub-
sequent to the purchase of those properties, the
town, through certain committees, considered vari-
ous municipal uses of these properties, including
the construction of an elementary school, which
suggested the use of the disputed portion of Judson
Street as an access way. The building of a town
high school on two of these contiguous parcels was
later considered in 1961.[5] The disputed portion of
Judson Street, however, was never used by the town
as an access way or otherwise.

From these subordinate facts the court concluded
that the property in dispute had been dedicated to
the town and that the town had, by its action,
accepted the property for a public use. It therefore
concluded that title to the property could not be
acquired by adverse possession. On appeal, the
plaintiff does not dispute that the property in ques-
tion was dedicated to the town by the defendant
bank. She argues, however, that the facts found
do not support the conclusion that the town, by its
conduct or that of the public, accepted the property
as a public street. We agree.

is an improper finding that establishes no facts and will therefore
not be considered. See *Cutler* v. *MacDonald,* 174 Conn. 606, 614,
392 A.2d 476 (1978); *C.I.T. Corporation* v. *Cohen,* 117 Conn. 159,
161, 167 A. 102 (1933).

[5] The site was subsequently rejected by the town because of an
unsatisfactory subsurface sewage disposal condition.

"Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by and in behalf of the public." *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 271, 141 A.2d 241 (1958); see *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 71, 363 A.2d 1045 (1976); *Wamphassuc Point Property Owners Assn.* v. *Public Utilities Commission,* 154 Conn. 674, 680–81, 228 A.2d 513 (1967); 23 Am. Jur. 2d, Dedication § 1. "Both the owner's intention to dedicate the way to public use and acceptance by the public must exist, but the intention to dedicate the way to public use may be implied from the acts and conduct of the owner, and public acceptance may be shown by proof of the actual use of the way by the public." *Wamphassuc Point Property Owners Assn.* v. *Public Utilities Commission,* supra, 681. See *Johnson* v. *Watertown,* 131 Conn. 84, 89, 38 A.2d 1 (1944); *LaChappelle* v. *Jewett City,* 121 Conn. 381, 185 A. 175 (1936); *New London* v. *Pequot Point Beach Co.,* 112 Conn. 340, 344, 152 A. 136 (1930). Thus, two elements are essential to a valid dedication: (1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public. *DiCioccio* v. *Wethersfield,* 146 Conn. 474, 479, 152 A.2d 308 (1959). No particular formality is required in order to dedicate a parcel of land to a public use; dedication may be express or implied. *Whippoorwill Crest Co.* v. *Stratford,* supra, 271. Whether there has been a dedication and whether there has been an acceptance present questions of fact. *DiCioccio* v. *Wethersfield,* supra, 479; *Whippoorwill Crest Co.* v. *Stratford,* supra, 272; *Phillips* v. *Stamford,* 81 Conn. 408, 411, 71 A. 361 (1908).

Because the defendant town did not formally accept the disputed portion of Judson Street, pursuant to General Statutes § 13a-48 or its town charter, the question presented by this appeal is whether the facts found support the conclusion that the town had by its conduct accepted that portion of Judson Street.

The intention of the defendant bank, which was the record owner, to dedicate the land in question was evidenced by its filing of the 1939 subdivision map in 1939 with the designation of "Judson Street." See 23 Am. Jur. 2d, Dedication § 23. The fact that the subdivision map was filed in the Trumbull town clerk's office after approval by the town planning commission does not in itself, however, constitute an implied acceptance of the street by the town. The approval of a proposed subdivision and the acceptance of a public street are " 'entirely separate and distinct proceedings.' " *Thompson* v. *Portland,* 159 Conn. 107, 115, 266 A.2d 893 (1970). That this is so is confirmed by the town's decision to accept formally all of the streets shown in the subdivision map for their full length, with the exception of the portion of Judson Street in question and a portion of another street.[6] The trial court concluded, instead, that acceptance of part of the street by the town amounts to acceptance of the entire street, relying upon *Derby* v. *Alling,* 40 Conn. 410 (1873).

The reliance of the trial court and the town upon *Derby* v. *Alling,* supra, is misplaced. In *Derby* v. *Alling,* supra, the town of Derby passed a resolu-

---

[6] Judson Street, as shown on the filed subdivision map, is approximately 510 feet long. About 180 feet of it abuts the plaintiff's lot 28 on the north.

tion stating that certain "streets" comprising "a paper village" would become public highways "on condition that the proprietors of said roads convey the same to the town." Id., 432. The owners of the described property thereafter executed a deed conveying their interest in the property to the town. The town immediately opened a portion of the streets thus conveyed and postponed the opening of others, of which the grantors retained possession. Thereafter, the successors in interest of the grantors sought to obtain title to the land by adverse possession. The court concluded that the deed conveying title to the property was tantamount to a dedication; id., 433; and that the town's acceptance of a portion of certain streets was, under the facts of that case, a constructive acceptance of the whole of such streets. Id., 435.

That the holding in *Derby* was an exception to the general rule in this area was made clear in *Hall* v. *Meriden,* 48 Conn. 416 (1880). In *Hall* this court limited the holding of *Derby* to its facts, which included an irrevocable conveyance to the town, a formal anticipatory acceptance of the streets by the town, and the dedication of a network of streets comprising a paper village. Id., 429–31; see also *Johnson* v. *Watertown,* 131 Conn. 84, 90, 38 A.2d 1 (1944); *New London* v. *Pequot Point Beach Co.,* 112 Conn. 340, 344–45, 152 A. 136 (1930). In *Hall,* this court affirmed its adherence to the general rule where a street dedicated to a municipality is only partially used: "There is only one rule to apply in such a case, and that is the rule of actual use. Where the actual use stops there the acceptance stops, with only the qualification . . . that such use will take in whatever may be regarded as properly incident to it." Id., 429; cf. 23 Am. Jur. 2d,

Dedication § 48. Stated another way, if the actions of the public, or of municipal officers for that matter, "are such as to show an intention to accept all rather than a part they will be construed as having that effect, but . . . acceptance of a part is not necessarily an acceptance of all." 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.57.

It is clear that the facts found could not support a conclusion that the disputed portion of Judson Street was accepted by the public through actual use. While it is true that actual use need not necessarily be constant or by large numbers of the public; *Phillips* v. *Stamford,* 81 Conn. 408, 414, 71 A. 361 (1908); it can hardly be said that the slight use made of the disputed property, coupled with evidence that certain use by the neighbors was with the permission of the plaintiff, constituted acceptance by the public. The use to which the public puts the subject property must continue over a significant period of time; 11 McQuillin, Municipal Corporations (3d Ed. Rev.) § 33.50; and be of such a character as to justify a conclusion that the way is "of common convenience and necessity." See *Kenneson* v. *Bridgeport,* 130 Conn. 298, 300–301, 33 A.2d 313 (1943); *Levine* v. *West Haven,* 120 Conn. 207, 210, 179 A. 841 (1935). The findings made by the trial court fall far short of this standard.

While the public's actual use of the property dedicated to a municipality can, under appropriate circumstances, constitute an implied acceptance on the part of the public, there are municipal actions that may also constitute acceptance of such property. See McQuillin, op. cit. § 33.48; *DiCioccio* v. *Wethersfield,* 146 Conn. 474, 479, 152 A.2d 308 (1959); *New London* v. *Pequot Point Beach Co.,* 112 Conn.

340, 345, 152 A. 136 (1930); *Phillips* v. *Stamford,* supra, 413. Where a municipality grades and paves a street, maintains and improves it, removes snow from it, or installs storm or sanitary sewers, lighting, curbs, or sidewalks upon it there exists a factual basis for finding an implied acceptance of the street by the municipality. See McQuillin, op. cit. § 33.48; *Whippoorwill Crest Co.* v. *Stratford,* 145 Conn. 268, 270, 141 A.2d 241 (1958); *Johnson* v. *Watertown,* 131 Conn. 84, 91, 38 A.2d 1 (1944). Such municipal acts are factors to be weighed in the ultimate factual determination of acceptance. Another factor is the municipality's levy and collection of general and special taxes and assessments on the property. See *Kenneson* v. *Bridgeport,* supra, 303; McQuillin, op. cit. § 33.53.

The subordinate facts found by the trial court in this regard, likewise, cannot support a finding of implied acceptance by the defendant town. In addition to the fact that the town expressly excluded the disputed land from its formal acceptance of the streets in this area, it is uncontested that the town never paved the disputed portion of Judson Street, or installed sewers upon it. Cf. *Kenneson* v. *Bridgeport,* supra, 302. Moreover, there is no finding that the town exercised control over the property in any way.

The trial court based its decision that the town by its action had accepted the property, instead, upon the property's removal from the grand list and consequent exemption from taxation, as well as upon certain town plans and studies involving the subject property.[7] The town's decision to remove

---

[7] The fact that the plaintiff's husband applied for a variance from a sideyard requirement does not bear upon the issue of acceptance, but may be relevant to the question of adverse possession.

the property from the grand list is only a recognition by the town that no individual had a beneficial ownership of the land; *Kenneson* v. *Bridgeport,* supra, 303; see *Johnson* v. *Niagara Falls,* 230 N.Y. 77, 84–85, 129 N.E. 213 (1920); and is not, by itself, sufficient to constitute an acceptance by the town. It is simply one of the factors to be considered in determining whether there was implied acceptance of the street by the municipality. The weight to be accorded the assessment or nonassessment of taxes upon property dedicated to a public use varies according to the other circumstances of the case. *Brookdale Park Homes, Inc.* v. *Bridgewater,* 115 N.J. Super. 489, 280 A.2d 227 (1971); *Hunt* v. *Oakwood Hills Civic Assn., Inc.,* 19 Wis. 2d 113, 119 N.W.2d 466 (1963); 23 Am. Jur. 2d, Dedication § 79; 26 C.J.S., Dedication § 40. Here, the other circumstances make the exemption from taxation of minimal significance.

Nor can the plans and recommendations of study committees support the finding of acceptance. There is no indication that such activity was conducted by town officials with the authority to accept the street on behalf of the municipality. See McQuillin, op. cit. § 33.48. Moreover, the plans and studies involved nothing more than projected uses and, ultimately, unfulfilled uses. The trial court's conclusion that the disputed portion of Judson Street had been accepted by the defendant town of Trumbull must be stricken as lacking support in the subordinate facts. *West Haven* v. *United States Fidelity & Guaranty Co.,* 174 Conn. 392, 398, 389 A.2d 741 (1978).

There is error, the judgment for the defendant town is set aside and the case is remanded for a trial on the plaintiff's claim of adverse possession.

In this opinion the other judges concurred.