ELLA F. MESHBERG *v.* BRIDGEPORT CITY
TRUST COMPANY, TRUSTEE, ET AL.
(2277)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued October 13—decision released November 22, 1983.

*Raphael Korff,* for the appellant (plaintiff).

*Burton S. Yaffie,* for the appellee (defendant).

PER CURIAM. The plaintiff instituted this action to quiet title against the Bridgeport City Trust Company, trustee (hereinafter the bank), and the town of Trumbull. On the first trial of this case in the Superior Court in Fairfield County, judgment was rendered for the defendants.[1] On appeal, the judgment was set aside and the case remanded for a trial on the plaintiff's claim

[1] The trial court had concluded that the defendant bank, as trustee owner, dedicated the contested property to the defendant town for use as a public highway and that the town accepted the property and, therefore, that the plaintiff could not acquire by adverse possession title to realty held in fee by a municipality for a public use. *Meshberg* v. *Bridgeport City Trust Co.,* 180 Conn. 274, 276, 429 A.2d 865 (1980).

of title by adverse possession.[2] *Meshberg* v. *Bridgeport City Trust Co.,* 180 Conn. 274, 285, 429 A.2d 865 (1980). The matter was heard again and the trial court rendered judgment that the bank is the legal owner of the disputed property subject to the ingress and egress right of way of the plaintiff and an implied right of way of the defendant town of Trumbull as an abutting property owner. From this judgment, the plaintiff has appealed.[3]

The following facts were established at trial. The bank held record title to a large tract of land in the town of Trumbull. On July 11, 1939, the property was subdivided into residential building lots in accordance with a map submitted by the bank and approved by the town planning commission. The map, entitled "Parkway, Village, Plan 3, 'Woodridge Circle,' " was filed in the town clerk's office on July 19, 1939.

On December 28, 1945, Louis Meshberg, the plaintiff's husband and predecessor in title, purchased a lot designated as number 28 on the subdivision map. The lot was bounded generally on the northerly side by land not part of the subdivision, which is presently owned by the defendant town, on the easterly side by Judson Street, southerly by Woodridge Circle, and westerly by lot 27. Judson Street is 50 feet in width and 180 feet in length. The portion of Judson Street that abuts lot 28 is the land in controversy. It is undisputed that this portion of Judson Street is unpaved and without sewers.

On or about August 29, 1951, Louis Meshberg obtained a building permit to construct a family resi-

---

[2] The Supreme Court held that the trial court erred in concluding that the defendant town accepted the dedication of the disputed property. *Meshberg* v. *Bridgeport City Trust Co.,* 180 Conn. 274, 284, 429 A.2d 865 (1980).

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

dence on lot 28. He also obtained, on April 10, 1952, a variance of the zoning side yard requirements from Judson Street. Attached to the application for the variance was a sketch of the proposed layout of the lot, showing a garage facing Judson Street and indicating that lots 28 and 29 had rights of way on Judson Street. To gain access to the garage, the plaintiff's husband removed some boulders from Judson Street and spread gravel for over 50 feet from his driveway to the street. The only other work done by the plaintiff or her husband on the disputed property was to cut the grass. The owner of abutting lot 29, however, also cut the grass and used the right of way for ingress and egress to his residence without the permission or authority of the plaintiff. In addition, the plaintiff never erected fences or posted no trespassing signs on the land in controversy.

On July 15, 1957, after construction was completed, Louis Meshberg conveyed the premises by warranty deed to his wife, the plaintiff. The deed was recorded on September 24, 1957. The deed describes the premises as bounded easterly by Judson Street.

The defendant town in 1965 purchased the land to the rear of lot 28 and Judson Street. On February 21, 1967, Louis Bonazzo, the town's chief of surveyors, went to the disputed premises to take measurements and to bore test holes. His crew then placed permanent pins on Judson Street in order to keep the Woodridge Circle street line accurate in view of the impending construction of sewers and to designate the Judson Street right of way. Again, in early 1970, Bonazzo entered the Judson Street premises to locate the pins for use as a point of reference for the construction of the sanitary sewers on Woodridge Circle.

The plaintiff alleged sole and exclusive title by virtue of adverse possession by herself and her predecessor

in title for over fifteen years. In order for the plaintiff to prevail on her claim of title by adverse possession, it was necessary for her to prove the requisite elements including that the adverse possession was exclusive, open and continuous. *Byard* v. *Hoelscher,* 112 Conn. 5, 11, 151 A. 351 (1930). Although the plaintiff did not testify, there was some evidence indicating that she was a user through the years of parts of the controverted area. She and her husband cut the grass, removed boulders and spread gravel over the disputed portion of Judson Street. There was other evidence, however, indicating use by others. An adjoining property owner also cut the grass and used the area as an access to his driveway without ever requesting permission from the plaintiff; and employees of the defendant town marked the center line of Judson Street with permanent pins. The land in controversy was not built upon by the plaintiff, nor did she post no trespassing signs. The deed of title to the plaintiff recognized Judson Street as the boundary line and not as part of her premises.

Whatever might be thought of the sporadic activity of the plaintiff under cases such as *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 694, 88 A.2d 379 (1952), and *Robinson* v. *Myers,* 156 Conn. 510, 518, 244 A.2d 385 (1968), the trial court could reasonably find, in light of the testimony as to the town's and the adjoining property owner's use, that the plaintiff failed to prove herself an adverse user having exclusive and continuous possession. The burden of proving that title was acquired by adverse possession was on the plaintiff. It was not the defendant's burden to disprove it. *Barrs* v. *Zukowski,* 148 Conn. 158, 165, 169 A.2d 23 (1961).

The court below concluded from the evidence that the plaintiff failed to sustain her burden of proof. The facts established at trial support this conclusion. The plaintiff has had her days in court. She cannot now

retry her case in this court without violating the salutary principle of law that there must be an end to litigation, that when a matter has been heard and fairly tried, it shall not again be called into question.

There is no error.