## FRANCES COOMBS *v.* GEORGE J. PHILLIPS ET AL.
## (3448)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 8—decision released December 17, 1985

*Peter W. Rotella,* for the appellant (plaintiff).

*Thomas J. Keramidas,* with whom were *Roy L. Smith* and, on the brief, *Robert Clark,* for the appellees (defendants).

PER CURIAM. The plaintiff is appealing from the judgment rendered for the defendants after a trial to the court. The only issue presented to us and briefed by the plaintiff is whether the trial court, in construing a warranty deed most strongly against the grantor, effectively ignored the intent of the parties.

The plaintiff, by warranty deed dated June 30, 1953, conveyed certain land to the defendants. In 1983, the plaintiff, claiming the deed to be ambiguous, brought an action in two counts. In the first count, the plaintiff sought to quiet title to the premises and, alternatively, in the second count, she sought a reformation of the deed. The defendants posed several special defenses which were based upon theories of laches, adverse possession and absolute ownership.

The court found that the plaintiff's claims were based upon mutual mistake and that she did not meet her burden of proof on that issue. It therefore rendered judgment for the defendants on both counts.

Subsequently, the defendants sought an articulation regarding their special defenses, which the trial court denied stating that, since judgment was rendered for the defendants, their motion for articulation was moot. The defendants did not seek review of the court's action pursuant to Practice Book § 3108, and they have not appealed. We, therefore, have no occasion to pass on the validity of the defendants' claim to the disputed parcel.

The issue raised by the plaintiff attacks the factual findings of the trial court. During the trial, the court was required to resolve opposing claims and to pass upon the credibility of testimonial and documentary evidence and to determine the weight it should be afforded. It was free to accept or reject any portion of the evidence presented by either party. *Leo* v. *Leo,* 197 Conn. 1, 6, 495 A.2d 704 (1985); *Kinney* v. *Kinney,* 5 Conn. App. 484, 486, 500 A.2d 569 (1985). The trial court found that the map of the property in question prepared by the plaintiff's expert was influenced by the wishes of the plaintiff and, therefore, was not a detached professional expression of the boundary lines defined in the deed.

On review, this court cannot retry the case. We are limited to a determination of whether the decision made is legally and logically consistent and supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); *Brey* v. *Brey,* 1 Conn. App. 397, 399, 472 A.2d 354, cert. denied, 193 Conn. 806, 477 A.2d 806 (1984). This court will not substitute its view of the facts for that of the trial court, nor will it reverse the decision of that court unless that decision is found to be "clearly erroneous in light of the evidence and the pleadings in the record as a whole." *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983), cert. denied, 192 Conn.

802, 470 A.2d 1218 (1984). Where a matter has been heard and fairly tried, it shall not again be called into question and retried upon appeal. See *Meshberg* v. *Bridgeport City Trust Co.,* 1 Conn. App. 10, 14, 467 A.2d 685 (1983). Since the language of the grant was ambiguous, and because the court concluded that the testimony of the plaintiff's expert was suspect, the trial court properly construed the deed against the plaintiff, the grantor. See *Lake Garda Improvement Assn.* v. *Battistoni,* 160 Conn. 503, 514–15, 280 A.2d 877 (1971).

The evidence amply supports the factual findings of the trial court and we can find no basis to support any finding of error.

There is no error.