[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Procedural Background
This is an action pursuant to Connecticut General Statutes § 13a-103
CT Page 5962 claiming that Peck Lane is, by implied dedication and implied acceptance, a highway for a distance of about 1180 feet, from Still Hill Road to the beaten path of Lockery Street. The complaint alleges that the town has failed to keep this highway in good and sufficient repair and the action purports to be the written complaint of six or more citizens of the state, under oath, complaining about the failure of the town to maintain the highway. The town admits that it has not maintained the highway, but denies that this is a town highway.
The plaintiffs, Sirois Bard, LLC, Gerald Bard, Michael Sirois, Anne Williamson, and Maureen Schoor, are the owners of property of abutting Peck Lane in the town of Hamden. The plaintiffs led by Sirois Bard, a developer, are attempting to develop property on Peck Lane for single family dwellings. The town has refused to issue building permits and/or allow a simple split of property because in the town's opinion, the property does not abut a publicly accepted road as required by the Hamden Zoning Regulations.
The town of Hamden has established procedures for the construction of a dwelling on a non-accepted road. Pursuant to Hamden Ordinance Section 154.02, property owners may ask the town engineer to approve a dwelling on a non-accepted road. Sirois Bard followed this procedure. However, as a condition of issuing the approval, the town engineer required the plaintiffs to perform certain road improvements to Peck Lane to bring it up to current standards. The town has issued zoning permits to Sirois 
Bard for two lots, but in doing so has demanded road improvements within the layout of Peck Lane. Similarly Anne Williamson and Maureen Schoor are being required to widen the travel way and provide a pedestrian path in the layout of Peck Lane directly in front of their lot. It appears that both Sirois Bard and Williamson and Schoor have posted bonds to secure the improvements that the town has requested should the court find that this is not a town accepted road and order those improvements.
Peck Lane is currently 19 feet in width. The town traffic director has testified regarding necessary improvements to bring Peck Lane into compliance with current standards. He has testified the current standards require a road 30 feet wide with a surface of 3½ inches of asphalt over a base of 6 inches of gravel. The road would require underground drains, catch basins, and sidewalks. Peck Lane would have to be widened at its intersections with Still Hill Road to allow adequate vehicular access to and from Peck Lane. Finally the town would require some type of cul-de-sac or hammerhead turnaround at the end of Peck Lane because it is not a thru road.
Section 13a-103 provides pertinent part:
CT Page 5963 "If the court finds that such highway should be repaired . . . it shall order the selectman of such town to cause such highway to be repaired . . . and shall prescribe the manner and extension of such repairs. . . . The court shall assess the benefits resulting from such repairs . . . against any properties to be benefitted, including such town. Such benefits as to such parties other than such town may be collected in the same manner as town taxes are collected."
The town has made clear certain improvements which would be necessary to bring Peck Lane up to town standards. The petitioners have made clear that they wish to be able to build on Peck Lane as if it were a town accepted road. The petitioner's do not request that the court order the town to improve the road. In fact, the petitioners may prefer that no improvements be made because such improvements would be assessed, at least in part, against them pursuant to the provisions of § 13a-103.
Discussion
Although there appear to be four accepted methods of establishing a highway in Connecticut, this case concerns the method known as a "highway by dedication." Specifically, the plaintiffs claim implied dedication and implied acceptance.
In Meshberg v. Bridgeport City Trust Co., 180 Conn. 274, 279 (1980), the Supreme Court held:
 "Two elements are essential to a valid dedication: (1) a manifested intent by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public."
Although the intent to dedicate must be clearly shown, our Supreme Court has held:
 " . . . it is not necessary that an actual intention should be found to have existed in the mind of the owner, at the time of the alleged dedication, to appropriate his land to a public use. It is the purpose as manifested by his acts, rather than the intention actually existing in his mind, which the law regards as essential to an implied dedication."
CT Page 5964Kent v. Prat, 73 Conn. 573, 579 (1901).
"Implied acceptance may be established either by the public's actual use of the property or by actions of the municipality." Meder v.Milford, 190 Conn. 72, 75 (1983). "A variety of actions by a municipality have been held sufficient to furnish a factual basis for finding of implied acceptance. . . . Affirmative acts of dominion and control or overt acts recognizing a road as a public highway have been held sufficient to constitute an implied acceptance." Katz v. West Hartford,191 Conn. 594, 597. The Supreme Court has further held:
 "[W]here a municipality grades and paves a street, maintains and improves it, removes snow from it, or installs storm drains or sanitary sewers, lighting, curbs, or sidewalks upon it there exists a factual basis for finding an implied acceptance of the street by the municipality."
Mashberg v. Bridgeport City Trust Co., 180 Conn. 274, 283 (1980).
The town argues first that Wesley Peck did not dedicate the road to public use and second that the town's action did not amount to an acceptance of Peck Lane. The town makes one argument that is somewhat unique. The town argues that it allows dwellings on unaccepted roads pursuant to town ordinance § 154.02. The town further argues that since it allows these dwellings it naturally provides some services to those dwellings. In effect, the town appears to argue that doing things on Peck Lane which ordinarily would amount to implied acceptance are not implied acceptance because of its somewhat unique ordinance dealing with the building on unaccepted streets. Unfortunately, while there is a certain appeal to the town's argument, the town cites no authority and the court can find none for this rather unique proposition. Accordingly, the court sees no particular significance to the fact that Hamden by ordinance allows building on unaccepted roads.
A review of the history of Peck Lane beginning in the 1930s supports the petitioners' position that Peck Lane was dedicated to public use. In August of 1938, Leslie Peck conveyed to Chester Hewidd what is now the southwest corner of Still Hill Road and Peck Lane describing the boundary that is now Peck Lane "as westerly along my other land, being landreserved for highway purposes 300 feet more or less" [emphasis applied]. In the 1940s a "map of Pecks Farm owned and developed by Wesley N. Peck Hamden Conn" was made by A. Clifford Becker and dated December of 1940. This map showed the layout of Peck Lane as being 50 feet wide. At that time, street layouts in Hamden were governed by a special act. Under that act, a person who opened an unapproved road owed the town $25 for each CT Page 5965 week the road was opened without approval. There is no record that the town ever commenced such an action against Wesley Peck. In 1941, United Illuminating installed three light poles on Peck Lane without obtaining any easement. Throughout the 1940s, Peck's deed referred to lot numbers plotted on the "map of Peck Farm" and bounded "by layout of Pecks Lane."
Wesley Peck died in the 1950s and his son, now 78 years old, has lived in the area most of his life. He was close to his father and does not recall his father ever doing anything to restrict public access to Pecks Lane or claiming any valuable or beneficial interest in the street.
In the 1970s United Illuminating installed five more poles along Peck Lane again without obtaining any easement. Around 1971, the town of Hamden, at its own expense, extended the paved portion of Peck Lane from 20 Peck Lane to just past 101 Peck Lane.
In 1987, a zoning permit was issued to Richard Johnson for 29 Peck Lane without requiring the procedures which the ordinance dictated for building on unaccepted streets. In 1994, United Illuminating, at the request of the town, installed street lights and four power poles located on Peck Lane.
In March of 1999, a zoning permit was issued for 27 Peck Lane again without any of the restrictions or certification required for building on unaccepted streets.
The town contracts for trash and the recyclables to picked up alongside the portion of Peck Lane from Still Hill Road to Lloyd Street, but not on the unpaved roads called Andrew Street and North Street. The town also includes that portion of Peck Lane in its annual pick up of large items.
Conclusion
The court concludes that this petition has been filed by six or more citizens of this state. The court further concludes that the paved portion of Peck Lane between Still Hill Road and Lloyd Street is a "highway by dedication." The court orders that Peck Lane be treated as a town accepted road and that building permits or certificates of occupancy be issued as if the road were fully accepted. Any bonds previously posted as a condition of obtaining building permits shall be released.
Improvements
Court agrees with the town that pursuant to § 13a-103 the court must assess benefits if improvements are necessary. It appears to the court that the petitioners have asked for no improvements. Although the CT Page 5966 court is aware of the improvements that are required to bring the roads to town accepted standards, it is not clear to the court precisely what improvements the town believes are necessary as an absolute but acceptable minimum. To the extent that the court agrees with the town that improvements are necessary, the court is prepared to assess benefits in accordance with § 13a-103. The orders contained in the conclusion section of this opinion shall be effective upon the filing of this opinion subject only to any appropriate stay as a result of an appeal. The court shall maintain jurisdiction over the matter and the parties for 30 days following the filing of this opinion during which time the town may request a further hearing on the necessity of repairs or improvements to Peck Lane. If the town requests a hearing such a hearing will be held and the court will entertain arguments on necessary improvements, if any, and on an appropriate assessment for benefits conferred. If the town makes no request for a hearing on improvements within 30 days of the filing of this opinion, this case shall be concluded.
The court,
Kevin E. Booth, Judge