TOWN OF VERNON *v.* FREDERICK M. GOFF ET AL.
(AC 28281)

McLachlan, Harper and Beach, Js.

---

[4] See footnote 2.

Argued February 21—officially released May 6, 2008

*I. David Marder*, with whom was *Joel A. DeFelice*, for the appellants (defendants).

*Harold R. Cummings*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendants, Frederick M. Goff and Barbara J. Goff, appeal from the judgment of the trial court, rendered after a trial to the court, granting a permanent injunction in favor of the plaintiff, the town of Vernon (town). The defendants claim that the court improperly (1) concluded that the town expressly accepted a certain right-of-way as a public highway and (2) shifted the burden of proof by requiring them to prove that the town had not accepted the disputed right-of-way. We affirm the judgment of the trial court.

The relevant facts are largely undisputed. On February 20, 1968, the town's planning commission (commission) approved a subdivision plan for twenty-five lots, known as the Tracy Drive subdivision, located on property owned by James A. Doherty and Agnes N. Doherty. The approved map was filed with the town clerk on February 29, 1968. Depicted on the map, running from east to west, is a road labeled Tracy Drive. Also shown on the map, between lots 11 and 12 of the subdivision, is an extension from Tracy Drive that runs in a southerly

direction to the property labeled "other land of Doherty." That extension, which is approximately fifty feet in width and 134 feet in length, is the disputed right-of-way in the present case. It is labeled "Reserved for Future 50' R.O.W."[1]

On May 26, 1969, the Dohertys conveyed all of the land in the Tracy Drive subdivision to Westwood Park, Inc. On November 11, 1970, the chairman of the commission sent a letter to the town's director of administration indicating that "[f]inal inspection has been made of [the] Tracy Drive subdivision" and that "all roads, utilities, easements, and drainage rights-of-way have been found satisfactory for acceptance." The letter further indicated that the commission recommended that "the Tracy Drive subdivision be accepted as [a] town road." That letter was incorporated in the minutes of the meeting of the town council held on November 16, 1970, at which time the councilmen unanimously approved the motion to "accept Tracy Drive as a Town Road . . . ."

Westwood Park, Inc., constructed Tracy Drive and built homes in the Tracy Drive subdivision. On July 15, 1971, it conveyed lot 12, 130 Tracy Drive, to the defendants, and they have resided there since that time. The disputed right-of-way is located adjacent to lot 12 on the easterly boundary line. The right-of-way is not paved, and the town has not expended any funds to maintain or to improve it at any time subsequent to the acceptance of Tracy Drive in 1970. It has not been assessed for tax purposes.

In September and December, 2005, Kenneth J. Boynton obtained approvals from the town's inland wetlands commission and planning and zoning commission for the development of a residential subdivision on the property labeled "other land of Doherty" on the Tracy Drive subdivision map, which property abuts the defen-

---

[1] See the accompanying sketch in the appendix. The sketch is a portion of the Tracy Drive subdivision and is not drawn to scale. It is provided solely as a visual aid for the reader.

dants' property to the south. Access to the fifteen lot subdivision, as approved by those commissions, was provided by the disputed fifty foot right-of-way. The defendants objected to the use of that right-of-way at the public hearings on the Boynton applications.

On June 17, 2005, Westwood Park, Inc., conveyed the fee interest in the disputed right-of-way to the defendants.[2] The quitclaim deed described the property being conveyed as "a certain piece or parcel of land designated as 'Reserved for Future 50' R.O.W.'" as shown on the map of the Tracy Drive subdivision on file at the office of the town clerk. Subsequent to that time, the defendants erected barricades and posted "no trespassing" signs on the disputed right-of-way.

The town commenced this action, seeking a declaratory judgment that the disputed right-of-way is a public road and a permanent injunction preventing the defendants from interfering with lawful access to that public road. The court heard testimony from several witnesses and admitted numerous exhibits during the course of a two day trial on June 21 and July 6, 2006. Frederick Goff testified that he knew he did not acquire the disputed right-of-way when the defendants purchased their property in 1971. He further testified that he currently claimed ownership of that right-of-way by virtue of the June 17, 2005 quitclaim deed[3] and by adverse possession. On cross-examination, he stated that he first approached a representative of Westwood Park, Inc., to discuss the defendants' acquisition of the fee to the disputed right-of-way when he learned of Boynton's subdivision application.

---

[2] Westwood Park, Inc., did not convey fee title to Tracy Drive or the disputed right-of-way to the town after the approval of the Tracy Drive subdivision or the acceptance of Tracy Drive as a town road.

[3] Although the defendants may have fee title to the fifty foot right-of-way, that property would be subject to the public easement for travel if it was expressly accepted by the town. "[T]he taking of a highway creates a public easement of travel allowing the public to pass over the highway at will." *Ventres* v. *Farmington,* 192 Conn. 663, 669 n.3, 473 A.2d 1216 (1984).

At the conclusion of the evidence, the court indicated that it would visit the site with counsel on July 20, 2006. The parties agreed to submit simultaneous posttrial briefs on or before September 1, 2006. On November 8, 2006, following closing arguments by counsel, the court rendered an oral decision. In that decision, the court found "by a preponderance of the evidence that the town accepted the entire subdivision, including that portion that was reserved for [the] future fifty foot right-of-way that's between lots 11 and 12 of the subdivision." The judgment of the court, rendered in favor of the town, permanently enjoined the defendants from "the use of any signage/barrier or barricade limiting, prohibiting or interfering with public access" to the fifty foot right-of-way and to refrain from interfering in any way with "the public's use of the right-of-way for access to and passage over said street . . . ." This appeal followed.

I

The defendants first claim that the court improperly concluded that the town expressly accepted the fifty foot right-of-way as a public highway at the council meeting on November 16, 1970.[4] Specifically, the defendants argue that the minutes of that meeting clearly provided that Tracy Drive was the only road accepted by the town. They claim that the fifty foot right-of-way was not accepted by the town because it was not labeled Tracy Drive and was not a portion of Tracy Drive on the recorded Tracy Drive subdivision map.

"From early times, under the common law, highways have been established in this state by dedication and acceptance by the public. . . . [T]wo elements are essential to a valid dedication: (1) a manifested intent

---

[4] At the time of closing arguments, the town claimed that the acceptance of the fifty foot right-of-way by the town was either express or implied. The court found that the right-of-way was expressly accepted at the meeting of November 16, 1970, as reflected in the council's minutes. The town has not pursued its claim of implied acceptance in this appeal.

by the owner to dedicate the land involved for the use of the public; and (2) an acceptance by the proper authorities or by the general public. . . . No particular formality is required in order to dedicate a parcel of land to a public use; dedication may be express or implied. . . . Whether there has been a dedication and whether there has been an acceptance present questions of fact. . . . Likewise, the determination of the extent to which there has been an acceptance of a street involves a question of fact. . . .

"Our review of the factual findings of the trial court is limited to a determination of whether they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Citations omitted; internal quotation marks omitted.) *Ridgefield* v. *Eppoliti Realty Co.*, 71 Conn. App. 321, 327–28, 801 A.2d 902, cert. denied, 261 Conn. 933, 806 A.2d 1070 (2002).

In the present case, dedication of the fifty foot right-of-way by the owner of the Tracy Drive subdivision is not contested. The parties agree that the filing of the subdivision map with the commission manifested the intent of the owner to dedicate Tracy Drive and the disputed right-of-way for use by the public. See *Katz* v. *West Hartford*, 191 Conn. 594, 596, 469 A.2d 410 (1983). The parties also agree that Tracy Drive was accepted as a town road by the proper authority at the council meeting on November 16, 1970.[5] At issue is

[5] During closing arguments, the court asked counsel if there was any claim that the town's council did not have the requisite authority to accept Tracy Drive on behalf of the town. Counsel indicated that that was not an issue in the case.

whether the disputed fifty foot right-of-way also was accepted by the town at that meeting.

The record supports the court's conclusion that the right-of-way was expressly accepted for public use at that time. The court noted that the entire letter of the commission was incorporated into the council's minutes of November 16, 1970. That letter indicated that the commission had completed a final inspection of the Tracy Drive subdivision and concluded that "all roads, utilities, easements, and drainage rights-of-way [were] satisfactory for acceptance." The letter further indicated that the commission recommended that the Tracy Drive subdivision be accepted as a town road. The minutes then reflect that a motion was made "to accept Tracy Drive as a Town Road" subject to the posting of a bond, and the motion carried by a unanimous vote.

The court found that although the language of acceptance in the minutes was not "perfect," the town council incorporated the comprehensive recommendation of the commission in those minutes and was following its recommendation to accept all the roads, utilities, easements and drainage rights-of-way in the Tracy Drive subdivision. The court found that it was illogical to exclude from that acceptance the designated fifty foot right-of-way that had been reserved for future use. Nothing in the minutes or on the subdivision map indicated an intention to treat that right-of-way in a different manner. Accordingly, the court concluded that it was "obviously part of the grant" and "was dedicated to and accepted by the town . . . ."

The defendants argue that the court's findings are clearly erroneous because the fifty foot right-of-way is unimproved and has not been used by the town or any members of the public subsequent to its purported acceptance. That argument is without merit. Because the court concluded that the town expressly accepted the dedication of the right-of-way, it was not necessary

that any use be made of the property after its accep-
tance. "When . . . a municipality, by formal action in
conformity with the statutory requirements, expressly
accepts a street as a public highway, no further action
on the part of the general public is required to constitute
the street a public highway." *DiCioccio* v. *Wethersfield*,
146 Conn. 474, 481, 152 A.2d 308 (1959).

The defendants also argue that the minutes reflect
that the motion was to accept Tracy Drive only, and,
therefore, the town limited itself to the acceptance of
that road. For the reasons previously discussed, we
conclude that the court reasonably could have con-
cluded that the right-of-way was a part of the dedication
and acceptance by the town. Further, the defendants
expressly conceded at oral argument before this court
that the town also accepted the utility easements and
drainage rights-of-way as shown on the Tracy Drive
subdivision map, as recommended by the commission.
It is disingenuous to argue that the town followed the
commission's recommendation to accept "all roads,
utilities, easements, and drainage rights-of-way" but
intended to exclude the clearly depicted "Future 50'
R.O.W." from that acceptance.

The court reasonably could have concluded that the
disputed fifty foot right-of-way was expressly accepted
by the town. We therefore conclude that the court's
findings were not clearly erroneous.

II

The defendants next claim that the court improperly
shifted the burden of proof by requiring them to prove
that the town had not expressly accepted the right-
of-way at the council's November 16, 1970 meeting.
Specifically, they argue that a few isolated remarks
by the court during the closing arguments of counsel
indicated the court's belief that the defendants were

required to demonstrate that the town had not accepted the right-of-way.[6]

The challenged remarks by the court were made shortly after the parties had discussed at length *Meshberg* v. *Bridgeport City Trust Co.*, 180 Conn. 274, 429 A.2d 865 (1980). Counsel for the defendants indicated that *Meshberg* was "almost on all fours" with the present case because that court concluded that a portion of Judson Street was not accepted by the town simply because other streets shown on a filed subdivision map had been accepted by the town. In *Meshberg*, however, all of the proposed streets on the map were formally accepted by resolution of the town council, *with the exception of the disputed portion of Judson Street and a portion of another street.* Id., 277. Taken in context, the court was distinguishing *Meshberg* from the facts in this case by noting that there was nothing on the Tracy Drive subdivision map or in the council minutes that indicated that the fifty foot right-of-way somehow was excluded from acceptance. The court was not discussing the burden of proof and did not state that the defendants were required to prove that the right-of-way had not been expressly accepted by the town.

Furthermore, when the court issued its oral decision, it stated that "the [town] has to prove [its] claim by a preponderance of the evidence" and "the court does find by a preponderance of the evidence that the town accepted the entire subdivision, including that portion that was reserved for [the] future fifty foot right-of-way that's between lots 11 and 12 of the subdivision." Thus, the court's decision reflects that the court clearly was aware that the town had the burden to prove its case by a preponderance of the evidence and specifically found that the town met that burden. Accordingly, we

[6] The challenged remarks of the court are as follows: "But there's nothing at all indicating, nothing whatsoever indicating that the town did not accept this fifty foot right-of-way," and "[t]here's certainly nothing on the [Tracy Drive subdivision] map that would suggest that [the right-of-way] was being segregated or excluded from the scope of the subdivision."

conclude that the court did not improperly shift the burden of proof to the defendants to prove that the right-of-way was not accepted by the town.

The judgment is affirmed.

In this opinion the other judges concurred.