[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is from a decision of the Wallingford Zoning Board of Appeals dated October 15, 1990 sustaining a decision dated June 25, 1990 of the Zoning Enforcement Officer which denied a building permit to the plaintiffs. The appeal was returned to court on November 27, 1990. Defendant filed an answer and return of record on December 13, 1990. Both parties filed briefs: the plaintiff on January 3, 1991; the defendant on February 22, 1991. The court scheduled a hearing on April 22, 1991 at which time the parties appeared and were heard.
At the hearing plaintiff moved to introduce evidence in addition to the contents of the record. Defendant's objection to the motion was sustained by the court. The plaintiff Anthony Sabellico testified and established that he and his wife are aggrieved by the action of the defendant.
Plaintiffs allege that the decision of the board is erroneous, arbitrary, capricious and in abuse of discretion and denies the plaintiffs any reasonable use of the property and constitutes the equivalent of a taking of the property without compensation.
Plaintiffs also allege that "the board acted erroneously to deny plaintiffs appeal even though the proposed lot was set forth on a subdivision map, filed in the Wallingford Town Clerk's Office prior to the adoption of the Wallingford Zoning Regulations and was thus an already existing lot.
Plaintiff's request the court to sustain their appeal, require the Board to issue a building permit, order an appraisal on the property to determine compensation to be paid to the plaintiffs for the taking.
After reviewing the record and the briefs and the oral argument of the parties the court declines the requested belief sought and denies the appeal.
The plaintiffs have the burden of proof on the issue of, confiscation. They offered no evidence at the hearings before the Board or the court to establish any confiscatory loss to their lot by the application to their property of Section 6.3.B of the Zoning Regulations of the Town of Wallingford (Exh. 34).
Section 6.3.B of the Zoning Regulations provides: CT Page 3883
 "No building permit shall be issued and no building shall be erected on any lot within the Town unless the street giving access to the lot upon which said building is proposed to be placed shall have been accepted by the Town or unless such street corresponds in its location and lines with a street shown on a subdivision plan approved by the Commission, on which the bond for required public improvements has been posted, and on file in the Town Clerk's office. No certificate of occupancy shall be issued until the provisions of Section 8.8 have been met."
The Wallingford ordinance is authorized by Section 8-27 of the Connecticut General Statutes. Similar ordinances are in general use. Such an ordinance was found unconstitutional as applied to plaintiffs' land in Horwitz v. Waterford, 151 Conn. 320
(1964). While such an ordinance may be a valid exercise of the police power. This power is not unlimited. "It cannot be exercised unless it bears a rational relationship to the subjects which fall fairly within the police power and unless the means used are not within constitutional inhibitions. The means used will fall within these inhibitions whenever they are destructive, confiscatory or so unreasonable as to be arbitrary." Horwitz v. Waterford, id. p. 323. The facts of Horwitz make it inapposite to the facts in this case. For purposes of argument the court assumes that the lot in question meets all the requirements of the Wallingford Zoning Ordinance except that the fronts on an unaccepted street. Before the plaintiffs can succeed on a confiscation argument they must show that relief is unavailable to them by way of a variance. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 151-154 (1976).
The ultimate issue raised by this appeal is whether or not Duncan Street is an accepted street in the area abutting lot 30 as depicted on a map of Mountain View Terrace on the Town Clerk's office in Wallingford. The evidence before the board was that this map was filed in 1922 before the era of subdivisions regulations. The board had evidence that the developers of Mountain View Terrace were permitted to open streets on their property and to mark the streets so opened as private ways. No evidence was offered that the developers ever deeded these streets or particularly Duncan Street to the town. A title search indicated title in the developers. In its present condition the area of Duncan Street abutting Lot 30 is unpaved, unimproved pasture type land without public improvements. Plaintiff claimed that the town on occasion cut back trees and brush but the evidence did not disclose any discernible right of way suggestive CT Page 3884 of use by the public at large, nor was there any claim that any members of the public used the area as a public path.
The Board was required to balance and weight this evidence against evidence offered by the plaintiff that in 1974 a former mayor authorized the extension and paving of a portion of this paper street and in 1975 a former Town Engineer declared that Duncan Street in the Town of Wallingford is a Town accepted and maintained street from its deadend east of Welcome Street westerly to North Colony Street. The Board also had evidence that the town collected no taxes on Duncan Street.
After considering this evidence the Board voted unanimously to sustain the decision of the Zoning Enforcement Officer. The minutes reflect that Commissioner Powell stated "I don't believe at this point in time there has been any dedication or acceptance by the Town of the road. . . . It does not appear to be a public road." Another Commissioner stated. "Based on their research it is not a public road. So you cannot have a building permit on a [non]public road because there is no access by police and fire." The minutes also reveal that the Board members were aware that a town could make an implied acceptance of a town street if they found sufficient evidence of the exercise of dominion and control by the municipality or the public.
Meshberg v. Bridgeport City Trust Co., 180 Conn. 281 is authority for the general rule where a street dedicated to a municipality is only partially used: "There is only one rule to apply in such a case, and that is the rule of actual use. Where the actual use stops there the acceptance, with only the qualification . . . that such use will rake in whatever may be regarded as properly incident to it.
A valid dedication of a public highway requires a manifest intent by the owner to dedicate the land involved for use by the public and acceptance by the proper authorities or by the general public. Meshberg v. Bridgeport City Trust Co., supra. 279. The mere filing of a map is not determinative of dedication. Moreover the Board received evidence that some of the roads depicted in the subject map were opened as private ways and that title to the right of way of Duncan Street remained in the developers.
"A valid acceptance may be either express or implied. Implied acceptance may be established either by the public's actual use or by actions of the municipality." Katz v. West Hartford, 191 Conn. 594, 597. A variety of actions by a municipality have been held sufficient to furnish a factual basis for a finding of implied acceptance including grading and paving, snow removals, improvements and maintenance. Meshberg v. City Trust Co. supra 283. However, an implied acceptance of a portion CT Page 3885 of dedicated realty does not necessarily amount to an acceptance of the entire parcel. Meshberg v. Bridgeport Trust Co., supra. 281.
The Board had to decide this case on conflicting evidence about dedication and implied acceptance. Both of these elements are questions of fact. Ventures v. Farmington, 192 Conn. 663, 667
(1984). Creditability of witnesses and the determination of factual issues are matters within the province of the agency. Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 732. In appeals from decisions of Zoning Enforcement Officers the Boards acts in a quasi judicial capacity. "Courts are not to substitute their judgment for that of the board and decisions of local boards will not be disturbed as long as honest judgment has been reasonably and fairly exercised after a full hearing. Upon appeal, the trial court reviews the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons, Whittaker v. Zoning Board of Appeals, 179 Conn. 650,654 (1980).
A review of the record indicates that the Board had substantial evidence for its factual findings and its ultimate conclusion that only the paved portion of Duncan Street was an accepted street. The decision of the Board was not arbitrary, illegal or an abuse of discretion. Accordingly the appeal is dismissed.
Donald T. Dorsey, Judge