[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY CLAIMS CT Page 6711-J
I. Introduction
This action involves claims by the plaintiff Commissioner of Environmental Protection against approximately fifty defendants alleging that they have, inter alia, participated in the construction, alteration, or operation of solid waste facilities without the required statutory permits; initiated, created, originated or maintained discharges into the waters of the state without the required statutory permits; or finally, engaged in conduct which caused, or is likely to cause unreasonable pollution, impairment or destruction to the natural resources of the State of Connecticut. The complaint contains 88 counts involving approximately 22 different sites. While a number of the defendants are alleged to have been involved in all of the sites, certain defendants are only involved in specific sites. Thus, this court and the parties have grouped the defendants into three categories: (1) the "principal" defendants; (2) the "transfer station" defendants and (3) the "property owner" defendants. On July 2, 1992, this court denied certain motions to strike brought by the transfer station defendants. Thereafter, those same defendants (Pyramid Partnership, David D'Addario, Gregory Garvey, Carmine Melchionna and David Melchionna) moved to file a third-party complaint against the third-party defendants, Scotty's Sanitation Services, Inc. ("Scotty's"), Allied Disposal Service, Inc. ("Allied"), P P Carting, Inc. ("P P"), and Latella Carting Co., Inc. ("Latella"), alleging that these entities transferred and disposed solid waste, demolition debris and construction debris on the third-party plaintiffs' property at 1481 Seaview Avenue, Bridgeport, Connecticut. on April 6, 1993, Scotty's and Allied, and on April 14, 1993, Latella moved to strike the three count third party complaint on three grounds:
 1. The First Count alleges a claim pursuant to 22a-208 et seq., where no private cause of action exists.
 2. The Second Count alleges trespass without alleging the requisite possessory interest.
 3. The Third Count improperly brings an action under the Connecticut Unfair Trade Practices Act ("CUTPA") for an alleged environmental wrong, where the Connecticut Environmental Protection Act ("CEPA") is the exclusive remedy. CT Page 6711-K The count also fails to allege sufficient facts to state a cause of action under CUTPA.
This court heard the motions on June 1, 1993 having received a Supplemental Memorandum from the third-party defendants Scotty's and Allied, as well as a memorandum from the plaintiff.
II. Discussion
a.
In a motion to strike, all well-pleaded facts alleged in a complaint are deemed admitted and construed in a manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80
82-83 (1990).
b.
The first count of the third party complaint alleges that the third party defendants "entered upon, and transferred and disposed of solid waste, demolition debris, and construction debris at the Property [1481 Seaview Avenue, Bridgeport] thereby maintaining the alleged transfer station." They further state that those actions were not authorized or consented to by the third party plaintiffs and that such action was in violation of General Statutes 22a-208c. That section states in part:
 [n]o person shall . . . dispose of . . . solid waste or transport solid waste for disposal or processing at any solid waste facility . . . or . . . transfer station . . . unless such facility . . . or station complies with the provisions of section 22a-208a.
Thus, the third party plaintiffs maintain that Allied, Scotty's, P P, and Latella are liable to them for the claims of the plaintiff. The third party defendants seek to strike this count arguing that the statute does not create a private cause of action. They and the plaintiff posit that this issue was fully resolved by our Supreme Court's decision in Middletown v. Hartford Electric Light Company,192 Conn. 591 (1984). In that case Middletown and its zoning enforcement officer sought to enjoin the utility company from burning PCB's at its electric generating plant on the grounds that HELCO had not obtained certain environmental permits, including those required by 22a-208, the predecessor to22a-208c, and 22a-430. The court held that the legislature had not created a private right of action noting that "when the legislature CT Page 6711-L has authorized supplementary private causes of action, it has generally done so expressly." Id., 596.
The third party plaintiffs argue that Middletown, supra, is not controlling because 22a-208 has been amended since 1984. This argument is not persuasive. While the section was modified, the legislature did not in any way change the language to create a private right of action. The enforcement section, 22a-226, is specifically limited to the Commissioner through the attorney general. This court believes that Middletown, supra, controls and the first count is stricken.
c.
The second count incorporates the factual allegations of the first count and then states that "[t]he third party defendants' unwarranted entry upon the Property constitutes a trespass." Again they seek indemnity and damages. The third party defendants note that in order to bring an action in trespass, the plaintiff must allege title and possession. Ventres v. Farmington,192 Conn. 663, 668 (1984); Wadsworth Realty v. Sundberg,165 Conn. 457, 461 (1973). A review of the third party complaint reveals that the only reference to ownership is that in paragraph six, in which the third party plaintiffs state:
 6. Pursuant to its Sixth Amended Complaint dated September 20, 1991 (the "Complaint"), the Plaintiff in the above-entitled action brought suit against the Third Party Plaintiffs alleging, inter alia, that the Third Party Plaintiffs were the owners of certain property located at 1481 Seaview Avenue, Bridgeport, Connecticut (the "Property"), upon which an illegal transfer station had been maintained from July 1, 1989, through the date of the Complaint.
These third party plaintiffs have not affirmatively alleged ownership or possession and this count must also be stricken.[1]
d.
The third count alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a et. seq. The third party defendants maintain that an alleged violation of environmental laws should not also be actionable under CUTPA because the environmental statutes provide a comprehensive regulatory scheme — especially the Connecticut Environmental CT Page 6711-M Protection Act ("CEPA"), General Statutes 22a-14 et seq., which provides both substantive and procedural rights to redress environmental harm. See, Manchester Environmental Coalition v. Stockton, 184 Conn. 51, 55-55 (1984). Under CEPA,22a-16, "any person may maintain an action . . . for declaratory and equitable relief against the state, any political subdivision thereof . . . any person, partnership, corporation, association, organization or other legal entity . . . for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction." The act, inter alia, covers affirmative defenses, (no feasible or prudent alternative) and provides for the appointment of masters or referees (section 22a-17); discusses the power of the court to grant equitable relief or remand to an administrative agency (section22a-1); provides for attorneys fees and costs (section 22a-18); and authorizes intervention in administrative and legal proceedings (section 22a-19).
No party has cited a case on the applicability of CUTPA to an environmental case and the Attorney General has declined to take a position on this matter. The third party defendants maintain that Russell v. Dean Witter Reynolds Inc., 200 Conn. 172 (1986), an action brought under CUTPA and the Connecticut Uniform Securities Act ("CUSA"), General Statutes 36-470 et. seq., alleging deceptive sales practices, controls this case. In that case the Supreme Court did not expand CUTPA coverage to securities actions as it held that CUSA unequivocally provides a private cause of action for injuries caused by deceptive purchases and sales of securities and that Connecticut has long separated the regulation of the purchase and sale of securities from the regulation of unfair trade practices in other industries. Additionally, it noted the decisions of other jurisdictions as well as the fact that the damages recoverable under CUTPA were equally recoverable under CUSA.
The third party plaintiffs reject the Russell comparison and posit that the decision of Mead v. Burns, 199 Conn. 651 (1986), controls. In that case, the Supreme Court held that an action under the Connecticut Unfair Insurance Practices Act ("CUIPA"), General Statutes 38-60 et seq., did not preclude an action under CUTPA as "the legislature has manifested an intention to make insurance practices the subject of two regulatory statutes, CUIPA and CUTPA. Id., 663. Adopting the ruling of the Massachusetts Supreme Court in Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 78, 365 N.E.2d 802 (1977), the court stated CT Page 6711-N "[t]he mere existence of one regulatory statute does not affect the applicability of a broader, nonconflicting statute, particularly when both statutes provide for concurrent coverage of their common subject matter." The third party plaintiffs argue that the remedies of CEPA and the other environmental statutes do not cover all situations. Specifically, in this case, they argue that CEPA's injunctive relief is meaningless to them since they seek monetary damages.
This court agrees with the third-party plaintiffs that the two statutes may apply concurrently. This court can envision several scenarios in which the rights provided by CEPA would simply not provide appropriate relief. The basic thrust of CEPA is to protect the public trust in the air water and other natural resources of this state from unreasonable pollution impairment or destruction. General Statutes 22a-15. Injunctive relief may not necessarily resolve all issues; CEPA does not cover private damages. Additionally, while General Statutes 22a-452 allows reimbursement to any person who contains or removes or otherwise mitigates the effects of various spills, releases, etc., private individuals do not always possess the financial means to clean an environmental "spill." The cost may simply be too great. The remedies provided by CUTPA, therefore, are not inappropriate to certain private party disputes.
While our environmental regulatory laws are pervasive, this court sees no reason why an action may not be maintained under CUTPA. There is no conflict between the two sets of statutes. The waste disposal industry is certainly no stranger to unfair trade regulation, albeit in different areas, such as price fixing, bid rigging, etc. See, for example, U.S. v. Aquafredda, 834 F.2d 915 (11th Cir. 1987); Matter of Scioscia, 216 N.J. Super. 644, 524 A.2d 855
(N.J.Super. A.D. 1987). Such was not the case in Russell, supra, 180.
This court concludes that the CUTPA action may be maintained and that the third party plaintiffs have sufficiently plead the necessary allegations. See Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,106 (1992); A-G Foods v. Pepperidge Farms, Inc., 216 Conn. 200,215 (1990). The motion to strike the third count is denied.