[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This vigorously contested statutory action was instituted by complaint of Stanley J. Drabik, Helen M. Drabik, John H. Drabik, John J. Herbert and Willard Collins, all citizens of the State of Connecticut claiming the benefits of Connecticut General Statutes 13a-103. In addition to the Town of East Lyme, the First Selectman and other members of the Board of Selectman have been made parties to the action. During the trial it was stipulated by the parties that any judgment would apply to the current board of selectman even though there may CT Page 1430 have been new members elected subsequent to the date of the original summons on June 22, 1992.
An amended complaint was filed on July 21, 1992 (Clerk's File No. 107) to which the parties have responded.
An interlocutory probable cause hearing was held. A memorandum of decision on that was filed on September 4, 1992. Thereafter, considerable pleadings, motions and memoranda have been filed which occupy three files in the clerk's filing system. Trial management orders were entered by both Judge Teller and Judge Hendel at various times as appears on file.
The parties have been represented by counsel throughout the proceeding.
The trial of the matter began on February 1, 1994 and continued through February 3, 1994. The plaintiff was represented by Attorney Joseph E. Moukawsher. The defendant, Ferdinand L. Drabik and Bertha Drabik were represented by Attorney Rita Provatas. The remaining defendants were represented by Attorney Maryann Diaz.
The parties stipulated to the introduction of various exhibits which have been introduced in the case including voluminous photographs.
The plaintiffs' have alleged in their complaint and have introduced evidence which they claim tends to establish that Drabik Road is a public highway of the Town of East Lyme, and that on or about November 22, 1991, the defendants Ferdinand L. Drabik and Bertha Drabik erected or caused to be erected a hay bale/silt fence within one foot, more or less, of the paved or traveled portion of the highway within the right-of-way limits approximately two hundred and fifty feet in length and, further, that the fence or barrier constitutes and obstruction or encroachment. The plaintiffs also allege that, after appropriate requests, the Town of East Lyme has refused to cause the fence or barrier to be removed.
In their claims for relief, the plaintiffs request the following:
 "1. An order of the court appointing a time and place when and where all persons in interest may CT Page 1431 appear and be heard, and giving notice thereof as provided by Connecticut General Statutes 13a-103.
 2. An order of the court, pursuant to Connecticut General Statutes, 13a-103, that the Selectman of the Town of East Lyme cause such highway to be repaired and such encroachments to be removed, and prescribing the manner and extent of such repairs and the removal of such encroachments.
3. Costs.
 4. Such other or further relief as in law or equity may appertain."
The parties during the trial have treated the case as a statutory proceeding under the provisions of Connecticut General Statutes 13a-103, and the court will do the same.
During the trial the parties stipulated that all six plaintiffs are citizens of the state of Connecticut.
The answer of the Town of East Lyme filed on February 3, 1993 (Clerk's No. 129) put in issue the question of whether or not Drabik Road was a public highway and whether or not the hay bale/silt fence or barrier constituted an obstruction or encroachment.
The answer of the defendants Ferdinand L. and Bertha Drabik contains an admission as to the erection of a "silt barrier east of and roughly paralleling the east edge of the paved surface of Drabik Road in November, 1991 which includes a number of wooden stakes driven into the ground to which is affixed a plastic sheet roughly perpendicular to the surface of the ground behind which is a line of hay bales." These defendants have not admitted the precise location or length of the fence or barrier except as indicated above.
The said defendants have otherwise substantially denied the allegations of the complaint.
Both the complaint and the answers contain allegations and admissions relating to the construction of a split rail fence in 1989 and a court action relating to the same (Docket No. 500974 in the Superior Court for the Judicial District of CT Page 1432 New London). In addition to being admitted by the defendants Drabik, in their answer, the court in this trial has taken judicial notice of the existence of such an action although not the contents of the file relating to the same.
All defendants have raised certain "special defenses" which essentially have the effect of denying the allegations of the complaint and/or attempting to bring issues of motivation into this statutory proceeding.
The exhibits in the case assist in an understanding of the factual background. Plaintiffs' Exhibit 3A is a clear demonstration of the plastic silt fence secured to oak stakes with hay bales behind it. Defendants' Exhibit 1 is an aerial photograph which on the top half shows the plaintiffs' golf course and the bottom half shows a neighboring residential properties including that of the defendant Ferdinand and Bertha Drabik. The photograph also shows Drabik Road intersecting the properties and the location of the hay bale/silt fence as well as cars parked in the general area. The defendants' exhibits including Defendants' Exhibit 30 and 40 are indications that the plaintiffs or their agents have been involved in the grading of the land to the east of the pavement of Drabik Road in the general area opposite the golf course location. Many of the photographs, while entered into evidence as full exhibits by agreement of counsel were not otherwise explained to the court during the trial. The defendants Drabik have introduced as exhibits the ordinance concerning operation of motor vehicles on town owned property (Defendants' Exhibit 51). The February 2, 1993 answer and special defense of the Town of East Lyme (Defendants' Exhibit 52) and the memorandum of law in support of a motion to dismiss of the Town of East Lyme dated August 24, 1992 (Defendants' Exhibit 53) were also introduced. The deed of Ferdinand L. Drabik and Bertha M. Drabik was introduced as Plaintiffs' Exhibit 20. An ordinance regulating excavations, cuts, fill and change of grade in public highways was introduced as Plaintiffs' Exhibit 12. The Town Aide Road list indicating town roads eligible for state financial assistance was introduced as Plaintiffs' Exhibit 14 showing Drabik Road as consisting of .39 miles of improved roadway (road number 71).
Also of assistance to the court are plaintiffs' exhibit 19 constituting the Town of East Lyme street line survey for CT Page 1433 Drabik Road which was introduced as plaintiffs' exhibit 19 over strenuous objection of the Town of East Lyme and Ferdinand and Bertha Drabik. The evidence shows and the court finds proven that this map was prepared by the Town's surveyor and was kept as a public record in the Public Works Office of East Lyme. Also in evidence as Plaintiffs' Exhibit 8 is a survey map prepared by the firm of Chandler, Palmer and King dated January 15, 1993. Both the First Selectman of the Town of East Lyme, Mr. Cini, and the Director of Public Works of the Town of East Lyme, Mr. Thumm, testified that Drabik Road is a public highway in the town of East Lyme.
Both of the plaintiffs' experts, Mr. Strauss and Mr. Sitti, were registered professional engineers and land surveyors. Both testified that the hay bale/silt barrier constituted an obstruction and dangerous condition on the highway for various reasons. Both had reviewed the situation within a day or two of the trial. Mr. Sitti actually observed the condition during the trial and testified that the hay bales had substantially disappeared so that the remaining situation at the time of the trial consisted mainly of the plastic silt fence secured to oak posts or stakes as indicated in the exhibits. Mr. Ferdinand Drabik testified that the hay bales had essentially been removed by the natural process of deterioration.
State Trooper Victor Lenda testified that in his opinion the silt fence did not constitute a sight line problem or driving safety hazard.
While the defendants Drabik and the plaintiffs have attempted to transform this purely statutory case into a means of resolving the neighborhood/family dispute over the appropriate use of an area along the easterly side of Drabik road for parking for patrons of a nearby commercial golf course, the only real issues under this purely statutory proceeding are as follows:
1. Is Drabik Road a "public highway" within the meaning of 13a-103 of the General Statutes across its entire width from highway line to highway line as shown on the Town of East Lyme street line survey (Plaintiffs' Exhibit 19) or, is it a "public highway" only on that portion of the road which has been paved; and CT Page 1434
2. Does the plastic silt fence secured by oak stakes as currently existing constitute an "encroachment upon any highway" as set forth in said statute?
HIGHWAY ISSUE
From the evidence the court finds the following facts to have been established by a preponderance of the evidence relating to the highway issue. Mr. Ferdinand L. Drabik, by his own testimony, and his reference to the maps in evidence and his deed does not claim ownership by any deeded right to any portion of the highway between the street lines as shown on Plaintiffs' Exhibit 19. Ferdinand Drabik testified that his deed gave him title to the east street line as shown on Plaintiffs' Exhibit 19. He pointed to that line when requested to show the extent of the land claimed to be owned by him as a result of the deed description. Thereafter, it was made clear that in addition to this deeded property Ferdinand and Bertha Drabik also claim ownership of the fee to the center of the road by virtue of a claimed common law rule relating to town roads and adjoining owners. The testimony of the witnesses and Plaintiffs' Exhibit 20 make it clear that Drabik Road is an old road. In the defendant Drabiks' deed it is referred to as "Old Chesterfield-Flanders Road." No party in this action claims that the town of East Lyme has ever received a deed to the fee title to the road.
While the Town takes a contrary position for purposes of this trial the Town records suggest that the Town has understood that the "street line" of Drabik Road constituted the entire area between the property of Stanley and Helen Drabik on west and the property line of Ferdinand and Bertha Drabik on the east as shown on Plaintiffs' Exhibit 19. This exhibit is a survey prepared by a licensed, registered land surveyor in the employ of the Town at the time of his survey and is on file as a Town record in the Public Works Office of the Town of East Lyme. The survey is certified as a "Class A-2 Survey" and contains references to earlier maps relating to the property which were not produced at the trial, including maps dated in 1928, 1931 and 1982. The defendant Ferdinand Drabik acknowledged having had a survey of his property prepared by a licensed surveyor, but did not produce the same at the trial. Testimony was introduced through John Drabik, Ferdinand Drabik and Warren Tarr as to the use of the property to the east of the paved portion of Drabik Road in the CT Page 1435 vicinity of the silt fence over the years, with the purpose apparently of suggesting such evidence would be of assistance in determining whether or not the town road had ever been "accepted" by the Town of East Lyme. The court finds the entire road as shown on Plaintiffs' Exhibit 19 to have been "dedicated" as a public highway including the entire area between street lines. The court finds no credible evidence by which it could be determined, however, that the Town of East Lyme, or anyone acting on their behalf, has at any time exercised any dominion or control over the property within the street lines to the east of the paved area of Drabik Road on the side abutting the property of the defendants. The court did not credit the testimony of John Drabik that he was an agent of the Town or that a Town employee worked in that area. The only other conceivable evidence of that was the "parallel parking" signs installed per order of the Selectman to the east of the pavement on Drabik Road. It is clear from the evidence that this was done as a result of a temporary injunction issued by Judge Cramer in an earlier court action relating to this general neighborhood. The defendants' Drabik have not acquiesced in this attempted use of this property but instead have installed the silt fence as an apparent manifestation of their claims with regard to the area.
The parties have extensively briefed the law on this issue. Particularly significant in that regard is the analysis in the trial memorandum of defendants' Ferdinand and Bertha Drabik dated March 18, 1993 (Clerk's No. 152) which at pages 3 through 15 reviews the law relating to the dedication and acceptance of highways.
It is clear that under certain circumstances which exist in this case the method by which a public highway can be established involves both a "dedication" of the area and a valid "acceptance" by the public. Ventres v. Farmington,192 Conn. 663, 666 (1984). The exhibits in this case make it clear and the court finds as a fact that the street as shown on the Town of East Lyme street line survey for Drabik Road (Plaintiffs' Exhibit 19) has been dedicated in its entire width. This is confirmed by the deed of Ferdinand and Bertha Drabik (Plaintiffs' Exhibit 20). The question then turns to the "acceptance" by the municipality. Since there is no evidence that there is no statutory acceptance, the issue then is limited to acceptance by implication. See Meshberg v. Bridgeport City Trust Company, 180 Conn. 274, 279 (1980). CT Page 1436 Whether or not a valid implied acceptance has occurred is a question of fact to be determined by the court. Ventres v. Farmington, 192 Conn. 663 (1984); see also E. Sostman J. Anderson "The Highway and the Right of Way; an Analysis of the Decisional Law in Connecticut Public, Private and Proposed Roads from Establishment to Abandonment," 61 Conn. B.J. 299 (1987). The plaintiff bears the burden of proof in this statutory proceeding.
The court finds that the plaintiff have not sustained their burden of proof that the portion of the highway to the east of the pavement has been accepted as a public highway by the Town of East Lyme. It is clear from the cases that the Town may accept some portion of a road which has been dedicated and not other portions. A H Corporation v. City of Bridgeport, 180 Conn. 435, 443 (1980). Here the court finds as a fact that only the paved area has been "accepted" by the Town's use and maintenance, and not the unpaved area to the East. If the area in question is not in a public highway, then the town has no duty pursuant to 13a-103.
Because this issue is determinative of the case, the court does not have to reach the question of whether or not the silt fence is an obstruction or encroachment within the meaning of the statute.
The court does not imply by the decision in this case that title has been determined to rest with one party or the other. Nor has the court determined the interest of the parties outside of the application of 13a-103 of the General Statutes to that portion of land where the silt fence is located.
The court having found that the particular area in question is not a "public highway" for purposes of 13a-103, no orders are appropriate under that statute and the issues are found in favor of the defendants on the plaintiffs' complaint and judgment is entered accordingly with costs.
Leuba, J.