[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (#143)
The present case is before the court on remand from the Appellate Court, which directed the Superior Court to determine whether General Statutes § 13a-55 affords the defendants any rights over an abandoned highway on the plaintiffs' property. The plaintiffs' motion for summary judgment claims that § 13a-55 is not applicable to the present case because defendants have other access to a public road. For the following reasons, the motion is denied.
A court will grant summary judgment if, viewing the evidence in the light most favorably to the non-moving party; Elliot v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998); there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). A material fact is one that will make difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 582, 687 A.2d 111 (1996)
 [A] party opposing summary judgment [, however,] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].
(Citations omitted; internal quotation marks omitted.) Water WayProperties v. Colt's Manufacturing Co., Inc., 230 Conn. 660, 664-65,646 A.2d 143 (1994). Summary judgment shall be rendered forthwith "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is CT Page 525 entitled to judgment as a matter of law." Practice Book § 17-49.
The plaintiffs brought this case to determine their rights to an old roadway that they claimed was on their property. After a bench trial, the court, Cremins, J., found that the road lay on the plaintiffs' property and permanently enjoined defendants from entering on or in any way interfering with the plaintiffs' use of their property. On appeal, the Appellate Court sustained the trial court's decision that the old road was on plaintiffs' property, but remanded the case "for determination of whether the highway was abandoned after June 29, 1959, by the passage of a sufficiently long period of nonuse with intent to abandon, giving the defendants a right of access under General Statutes § 13a-55." Mackiev. Hull, 69 Conn. App. 538, 540, 795 A.2d 1280 (2002).
The gravamen of the plaintiffs' present motion for summary judgment is that § 13a-55 provides no relief to an abutting property owner, such as defendants here, if they have "other access to a public road." (Pls.' Mem. of Law in Support of Motion for Summary Judgment, at 2.) Section13a-55 of the general statutes provides as follows:
 Property owners bounding a discontinued or abandoned highway, or a highway any portion of which has been discontinued or abandoned, shall have a right-of-way for all purposes for which a public highway may be now or hereafter used over such discontinued or abandoned highway to the nearest or most accessible highway, provided such right-of-way has not been acquired in conjunction with a limited access highway.
The plaintiffs assert that our Supreme Court has already resolved the present question. They claim that in Ventres v. Farmington, 192 Conn. 663,473 A.2d 1216 (1984), the Supreme Court "held that a property owner has no rights to an abandoned highway under § 13a-55 if the owner's property has other access to the public system." (Pls.' Mem. of Law at 2.) Although quoting from that case to support their position, their brief uses elision marks to omit significant language in the decision showing that Ventres rested on a different basis:
 The trial court correctly found that 13a-55 has no application to the evidence presented in this case since the plaintiffs property does not abut the discontinued segment of road.[1]
Id. at 540. The plaintiffs' brief elsewhere acknowledges but then seeks to minimize the omitted language by asserting that "one portion of theVentres decision" "dealt with the fact that the plaintiff in that case did not own property that abutted the portion of the highway that had been abandoned." (Emphasis added.) (Pls.' Mem. of Law at 3.) This court's CT Page 526 reading of Ventres, however, is that the non-abutting nature of the plaintiffs property there was the controlling factor in that case, and that the plaintiffs other access to a public road was legally insignificant to the decision.
The court thus concludes that, absent binding appellate authority, it must itself determine whether § 13a-55 grants rights, as plaintiffs maintain, only to property owners who have no other access to public roads. In construing the statute, the court must heed the repeated directive of our appellate courts on the appropriate method for doing so:
 [T] he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.
(Citations omitted; internal quotation marks omitted.) Wright Bros.Builders, Inc. v. Dowling, 247 Conn. 218, 226-27, 720 A.2d 235 (1998).
In 1985 the general assembly modified § 13a-55 to provide that property owners can acquire rights under the statute if their property abuts any portion of a highway that has been discontinued or abandoned. The literal text of the statute as amended then would appear to address the very claim raised by the plaintiffs here by granting people owning property next to a public road with rights under the statute to discontinued or abandoned portions of that road. Nothing in that amendment requires that property owners claiming rights under § 13-55 have no other access to a public road; in fact, the amendment appears expressly to give rights under the statute to property owners who have access to non-abandoned or non-discontinued portions of a road. The legislative history confirms that this interpretation reflects the legislature's purpose for modifying the statute.[2] Moreover, in at least one appellate case since then, Tighe v. Town of Berlin, 259 Conn. 83,788 A.2d 40 (2002), the court could have applied plaintiffs' view of the statute to deny relief, but instead did so on other grounds. The court thus concludes that § 13a-55 does not grant rights only to property owners with no other access to their property than the abandoned or discontinued highway.
For the foregoing reasons, the plaintiffs' motion for summary judgment is thus DENIED. CT Page 527
BY THE COURT
 ___________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT